**Lional WARD, a Minor, by his Next Friend, Gwenette WALKER, Respondent,**

v.

**John McQUEEN and Brenda McQueen, Appellants.**

**No. 46860.**

Missouri Court of Appeals, Eastern District, Division Three.

May 1, 1984.

Henry Thomas, St. Louis, for appellants.

William T. Burnet, St. Louis, for respondent.

CRANDALL, Judge.

This is an appeal by defendants John and Brenda McQueen from a judgment entered against them pursuant to a jury verdict in favor of plaintiff in the amount of $7,500. On appeal they assert plaintiff failed to make a submissible case. We affirm.

Defendants were the owners of an apartment building in the City of St. Louis. About four months prior to the accident giving rise to this suit, they rented a one bedroom apartment to plaintiff's mother. Plaintiff is a minor, who was either six or eighteen months old at the time of the accident.[1] The apartment was on the third floor with a porch, which could only be reached through the kitchen, overlooking the street. The porch was enclosed by

---

1. The record is unclear as to plaintiff's age. His father testified that plaintiff was "about a year, year and a half," but then gave a date of birth only six months before the accident.

double steel rails running parallel to the floor. The bottom rail was about two feet from the floor, with the top rail two feet above that. There was a wire mesh screen between the bottom rail and the floor, but no protection between the rails. The screen, which was attached to the bottom rail but not to the floor, could be pulled up, but not be pushed out.

On July 3, 1980, plaintiff suffered injuries, allegedly due to a fall from the porch. The petition alleged that the fall was the result of defendants' negligence in "failing to keep the guardrail and railing attached to the porch in a reasonably safe condition." The record fails to show in what particular the guardrail and railing were alleged to be unsafe.

Defendants contend that plaintiff failed to make a submissible case because there was no proof that the defective condition of the porch was the proximate cause of plaintiff's injuries. First, they assert, there was insufficient evidence to allow the jury to find plaintiff fell from the porch. Second, defendants argue, there was no proof that a fall was the result of the defective condition of the porch.

The evidence of a fall was circumstantial. No one saw plaintiff on the porch. Plaintiff's father testified that, before the fall, he saw plaintiff walking through the kitchen toward the porch. The father took plaintiff back to the living room and told him to remain there. About a minute later, the father, who had returned to the kitchen, heard a "clink," apparently the sound of metal hitting metal from the direction of the porch. He went out to the porch, looked down, and saw plaintiff lying directly beneath it.

■ In reviewing an allegation that plaintiff failed to make a submissible case, we look at the evidence, together with the reasonable inferences arising therefrom, in the light most favorable to plaintiff. Further, we disregard defendants' evidence, except as it may aid plaintiff's case. *George v. Howard Construction Co.*, 604 S.W.2d 685, 688 (Mo.App.1980). Plaintiff may prove essential facts by circumstantial evidence so long as the facts proved and the conclusion to be drawn "are of such a nature, and are so connected and related to each other, that the conclusion ... may be fairly inferred." *Morris v. Israel Brothers, Inc.*, 510 S.W.2d 437, 442 (Mo.1974). It is not enough, however, that the evidence show equally possible yet inconsistent conclusions, *Weber v. Hinds*, 440 S.W.2d 129, 134 (Mo.App.1969), as a verdict for plaintiff based on one of them would necessarily be merely conjectural and speculative. *Morris v. Israel Brothers, Inc.*, 510 S.W.2d at 442.

■ Applying these rules to the instant case, we find plaintiff made a submissible case. The "clink" coming from the direction of the porch, with plaintiff being found directly under it almost immediately, clearly support the inference that plaintiff fell from the porch. From the record as it is presented to us we can discern no other equally possible explanation for how plaintiff came to be lying on the ground less than a minute after his father left him in the living room. The jury was justified in making its implicit finding that plaintiff fell from the porch.

■ We turn now to defendants' contention that there was no proof the fall was the result of the defective condition of the porch. The record does not show what "defect" the jury was required to find. Absent this information this court cannot determine whether there was evidence the defect caused the fall. Appellant has the burden of producing a record to show error. *Delf v. Cartwright*, 651 S.W.2d 622 (Mo.App.1983). Here, appellants have failed to do so.

The judgment of the trial court is therefore affirmed.

KAROHL, P.J., and REINHARD, J., concur.