Alma HARRIS, Plaintiff–Respondent,

v.

F.W. WOOLWORTH, Defendant–Appellant.

No. 59520.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 10, 1991.

Motions for Rehearing and/or Transfer to Supreme Court Denied Jan. 27, 1992.

Application to Transfer Denied
March 24, 1992.

**32**

James A. Fox and Kenneth Karl Vuylsteke, Fox & Vuylsteke, St. Louis, Mo., for plaintiff-respondent.

K. Steven Jones and Ellen Levy Siwak, Evans & Dixon, St. Louis Mo., for defendant-appellant.

CRANDALL, Judge.

Defendant, F.W. Woolworth, appeals from the judgment in favor of plaintiff, Alma Harris, entered pursuant to a jury verdict, in her action for personal injuries sustained when she slipped and fell in an alley next to defendant's store. We reverse and remand.

Because defendant first alleges that plaintiff failed to make a submissible case, we look at the evidence, together with the reasonable inferences arising therefrom, in the light most favorable to plaintiff. *Culver–Stockton College v. Mo. Power & Light Co.*, 690 S.W.2d 168, 170 (Mo. App.1985). Further, we disregard defendant's evidence, except as it may aid plaintiff's case. *Ward by Walker v. McQueen*, 670 S.W.2d 176, 177 (Mo.App.1984). Plaintiff may prove essential facts by circumstantial evidence so long as the facts proved and the conclusions to be drawn are of such a nature and are so related to each other that the conclusions may be fairly inferred. *Id.*

The evidence adduced at trial established that in the late afternoon of October 12, 1985, plaintiff, who was 60 years of age, and her adult daughter were walking in an alley adjacent to the side of defendant's store which was located in the Fourteenth Street Mall. Plaintiff's daughter had parked her automobile in the parking lot of a nearby supermarket and she and plaintiff were using the alley to get to defendant's store. When plaintiff was by the trash dumpster next to defendant's store, she started to slip. She tried to stop her fall by grabbing for the dumpster, but was unsuccessful. She fell, landing on the ground some distance from the dumpster. She suffered injury to her hip.

Although plaintiff said that she had not observed grease in the alley prior to her fall, she testified that, after the fall, she and her daughter saw grease on the surface of the alley. Her daughter testified that plaintiff was lying in grease. She also said that the grease could be traced back to the dumpster. Both plaintiff and her daughter stated that grease was oozing from the dumpster by its wheel. Both testified that grease was on plaintiff's clothing after she fell.

The manager for defendant's store at the time of the incident testified that store employees regularly placed as much as a gallon of grease from the kitchen of the store's restaurant into the dumpster, usually in liquid form and in unsealed contain-

ers. The president of the hauling company testified that defendant's contract for trash removal provided only for the disposal of solid waste. Although he admitted that the dumpsters were not checked routinely, he stated that the hauling company would correct any problems which were reported either by a customer or by an employee. He also said that it was possible for "pin holes" to occur in a dumpster.

The jury returned a verdict against defendant in the amount of $150,000.00 and assessed plaintiff with 25 percent of the fault. Accordingly, the trial court entered judgment in favor of plaintiff in the amount of $112,500.00.

In its first point, defendant contends that the trial court erred in failing to sustain defendant's motions for directed verdict and for judgment notwithstanding the verdict because plaintiff failed to make a submissible case.

■ We first address defendant's duty of care with regard to travelers in an alley adjoining its property. Section 300.010(1), RSMo (Cum Supp.1990) defines alley as "any street with a roadway of less than twenty feet in width." The general rule is that the duty to maintain public sidewalks and highways rests on the municipality. *Rauh v. Interco, Inc.*, 702 S.W.2d 497, 500–501 (Mo.App.1985); *see also* 40 C.J.S. Highways § 249. An owner or occupant of a building or land abutting a highway, however, will be held liable for injuries sustained by travelers lawfully using the highway as a result of conditions which the owner or occupant has been instrumental in creating or maintaining. 25 Am.Jur., Highways, § 365; *see also* 40 C.J.S. Highways § 249. A person who creates a dangerous condition on a public roadway is liable for the foreseeable injuries caused thereby. Restatement (Second) of Torts § 368 (1965).

■ The same rules apply to the owner or occupant of a building or land adjacent to a sidewalk. *See Berry v. Emery, Bird, Thayer Dry Goods Co.*, 357 Mo. 808, 211 S.W.2d 35, 40 (1948). On appeal, both parties agree that the rules applicable to an abutting sidewalk also apply to an abutting alley. *Stein v. Mansion House Center*, 647 S.W.2d 918, 919 (Mo.App.1983) sets forth the two exceptions to the general rule that property owners are not liable for injuries caused by conditions on an adjoining sidewalk:

> An abutting property owner may be liable if he artificially creates, through negligence or affirmative action, a condition which makes passage unsafe. When the abutting property owner creates an artificial condition on the sidewalk, a duty of reasonable care to guard against injury to the public is imposed. (Citations omitted.)
>
> The second exception is the special use exception. If an abutting property owner makes use of the sidewalk for something other than a sidewalk, and this use makes it more dangerous when slick or wet, liability may be imposed. (Citations omitted.) In summary, to state a claim against an abutting property owner under Missouri law, a plaintiff must either allege that defendant created an artificial condition which caused the danger, or that defendant made a special use of the sidewalk which increased the danger or created the hazardous conditions.

*Id.*

■ To determine the submissibility of the case before us, we view the facts of this case against the backdrop of these general principles. In the instant action, there was evidence that grease was on the ground in the vicinity of the dumpster where plaintiff started to slip. Plaintiff and her daughter both saw grease on the surface of the alley and grease was on plaintiff's clothing after the fall. There was evidence that the grease came from the dumpster because plaintiff's daughter traced the grease back to the dumpster and saw it coming from the area by the dumpster's wheel. In addition, the trash hauler testified that the dumpster was designed only for solid waste material and that it was possible for pin holes to occur in the dumpster. It can reasonably be inferred from this evidence that liquid grease could ooze from small holes in the dumpster. There was evidence that defendant caused

the grease to be on the surface of the alley because defendant's store manager testified that, on a regular basis, defendant's employees put liquid kitchen grease in open containers and deposited these containers in the dumpster. There was evidence that the grease on the surface of the alley by the dumpster caused plaintiff's injury because plaintiff started to slip when she was by the dumpster where the grease was located, she fell into grease, and grease was on her clothing when she came to rest on the ground some distance from the dumpster. Finally, the injury to plaintiff was within the scope of foreseeability. The alley next to defendant's store was located in an urban, commercial area with retail establishments frequented by pedestrians. It would be reasonable for defendant to anticipate pedestrian traffic in the alley next to its building and to realize that the accumulation of grease on the surface of the alley would pose an unreasonable risk to pedestrians. The evidence and the reasonable inferences therefrom were sufficient to make a submissible case on whether defendant had caused the grease to be present in the alley and thereby had created an artificial condition or made a special use of the alley which caused plaintiff to fall. The trial court properly overruled defendant's motions for directed verdict and for judgment n.o.v. Defendant's first point is denied.

Defendant next contends that the trial court erred in submitting Instruction No. 6, plaintiff's verdict directing instruction, to the jury because the instruction did not require a finding that defendant made a special use of the alley or created any artificial condition in the alley which caused plaintiff to fall. Defendant further argues that the instruction constituted a "roving commission" for the jury because it did not describe the location of the grease or the type of grease which caused plaintiff to fall.

■ We first consider whether defendant's claim of error is preserved for appellate review. Defendant made specific objections to the instruction at the instruction conference. *Compare Lipton Rlty., Inc.*

*v. St. Louis Housing Authority,* 705 S.W.2d 565, 571 (Mo.App.1986) (although plaintiff's failure to make a specific objection to the instruction at the instruction conference was sanctioned by Rule 70.03, the practice was criticized). Defendant's objections were preserved in its motion for new trial and carried forward on appeal in its point relied on. *See* Rules 78.07 and 84.04(d). Defendant failed, however, to set forth the challenged instruction in the argument portion of its brief, contrary to the dictates of Rule 84.04(e). Although we could decline to review the allegations of instructional error because of defendant's failure to comply with Rule 84.04(e), in view of the single procedural omission, we will examine defendant's claims of error on the basis of the instruction set forth in the legal file. *See Dennis v. St. Louis Bd. of Educ.,* 809 S.W.2d 20, 22 (Mo.App.1991); *Mino v. Porter Roofing Co., Inc.,* 785 S.W.2d 558, 560 (Mo.App.1990); *Aluminum Prod. Enter. v. Fuhrmann Tooling and Mfg. Co.,* 758 S.W.2d 119, 124 (Mo.App.1988).

Instruction No. 6 was patterned on MAI No. 22.04, modified by MAI No. 37.01 (Supp.1989), and read as follows:

In your verdict you must assess a percentage of fault to defendant F. W. Woolworth Company whether or not plaintiff Alma Harris was partly at fault if you believe:

First, there was an area of grease in the alley and as a result the alley was not reasonably safe for the public, and

Second, defendant F. W. Woolworth Company knew or by using ordinary care should have known of the existence of this condition, and

Third, defendant F. W. Woolworth Company failed to use ordinary care to remedy it, and

Fourth, as a direct result of such failure plaintiff Alma Harris was injured.

■ On appeal, it is not contested that this instruction was deficient in that it failed to require the jury to find whether defendant caused the grease on which plaintiff fell to be present on the surface of the alley. It is an essential element of plaintiff's case that defendant created the condition in the alley which caused plain-

tiff's injury. It was necessary for plaintiff to hypothesize that defendant was responsible for the presence of kitchen grease in the alley at the location where plaintiff slipped and that it was this grease which caused plaintiff to fall. In addition, in order to impose liability on defendant as an abutting property owner, it was necessary for plaintiff to hypothesize that defendant either created an artificial condition in, or made a special use of, the alley. Instruction No. 6 failed to hypothesize either of these acts on the part of defendant. The instruction was not merely lacking in detail or in definition. It constituted an actual misdirection to the jury because it eliminated the essential elements of the case.

We acknowledge that plaintiff's counsel correctly argued the law of the case to the jury. Proper closing argument, however, does not relieve a party of its obligation to formulate a verdict directing instruction containing the essential elements of that party's case.

The trial court committed reversible error when it submitted Instruction No. 6 to the jury.

In its third point, defendant claims the trial court erred in admitting into evidence plaintiff's Exhibits #3 and #6, which were photographs of the alley taken six months after the accident. The trial court had the discretion to admit these photographs into evidence. *See Sheil v. T.G. & Y Stores Co.*, 781 S.W.2d 778, 782 (Mo. banc 1989). At trial, it was clear that these photographs were not contemporaneous with the incident at issue and the jury was not misled about that. *See Id.* The challenged photos were used primarily to demonstrate the area where the accident occurred, not to depict the alley on the day plaintiff fell. The trial court did not abuse it discretion in admitting the photographs. Defendant's third point is denied.

The judgment is reversed and the cause is remanded.

GRIMM, P.J., and SATZ, J., concur.