Joseph HENRY, Sr., Guardian of the Person and Estate of Melba Henry, Appellant/Cross–Respondent,

v.

UNION PACIFIC SYSTEMS, d/b/a Missouri Pacific Railroad Company, Respondent/Cross–Appellant.

No. 63573.

Missouri Court of Appeals, Eastern District, Division Four.

April 12, 1994.

Motion for Rehearing or Transfer to Supreme Court Denied May 17, 1994.

Dan H. Ball, James W. Erwin, Thompson & Mitchell, St. Louis, for appellant.

Rosemary D. McGuire, Judy L. Cates, Brennan, Cates & Constance, Belleville, IL, for respondent.

AHRENS, Judge.

In an action for personal injuries pursuant to the Federal Employers' Liability Act (FELA), a jury found defendant to be liable and awarded damages. The trial court granted defendant's motion for new trial, but only on the issue of damages. Plaintiff appeals the portion of the trial court's judgment which set aside the jury verdict and granted a new trial on damages. Defendant cross-appeals the trial court's judgment on the issue of liability. We reverse and remand for a new trial on all issues.

Plaintiff[1] was employed by the Missouri Pacific Railroad as a rate clerk in the Missouri Pacific office building at 210 North Thirteenth Street in St. Louis, Missouri. On December 12, 1986, shortly after noon, plaintiff was returning to her office on the fourth floor with lunch she had purchased for herself and four other people. As she reached the fourth floor, plaintiff stepped off the elevator, which had not yet reached floor level. Plaintiff tripped and fell, then slid across the floor and hit her head on the brick wall across from the elevator. Plaintiff brought a FELA action to recover for her injuries which resulted from this accident.

Defendant's cross-appeal alleges the trial court erred in giving verdict director MAI 24.01 without modification. We find this point to be dispositive of the appeal.

▮▮ Plaintiff's theory of the case was that defendant failed to provide a reasonably safe place to work or reasonably safe appliances. Under this theory of liability, there must be proof that defendant knew or should have known of the existence of the allegedly unsafe conditions. *Hertzler v. Burlington Northern Railroad Co.*, 720 S.W.2d 762, 766 (Mo.App.1986). This requirement is reflected in the Missouri Approved Jury Instructions. According to the Notes on Use to MAI 24.01:

2. The specifications of negligence set forth in this instruction concern conditions of which the defendant had constructive knowledge.

In the event plaintiff submits some act of negligence, constructive knowledge of which is not chargeable to the railroad, there shall be submitted in addition a paragraph providing "Second, conditions for work were not reasonably safe and defendant knew or by using ordinary care could have known of such conditions and that they were not reasonably safe, and".

In *Qualls v. St. Louis Southwestern Ry. Co.*, 799 S.W.2d 84 (Mo. banc 1990), our Supreme Court addressed the issue of modifying MAI 24.01. In *Qualls*, the plaintiff was injured when he fell off a bridge which was slippery due to an accumulation of freezing rain and snow from the previous night. The plaintiff's theory of liability was that the railroad had failed to provide a reasonably safe place to work because the bridge was slippery due to ice and snow and because the bridge had an open deck with no hand rails or walkways. At trial, the court failed to modify MAI 24.01 to submit the issue of the defendant's knowledge of the unsafe condition to the jury. As a result, the defendant railroad company was granted a new trial.

In addressing this issue, our Supreme Court stated:

In the case at hand, one of the factors making up the allegedly unsafe condition was the accumulation of ice and snow. There was some disagreement in the testimony as to the extent of the accumulation of ice and snow and whether the bridge was slippery. Under such circumstances there was an issue of fact as to defendant's actual or imputed knowledge of the condition. Defendant's knowledge of the condition is an essential element of plaintiff's case that must be submitted to the jury.

*Id.* at 87.

In the present case, plaintiff presented evidence of problems concerning elevator No. 5 (the elevator involved in the accident) prior to December 12, 1986. There was evidence that elevator No. 5 had experienced "leveling" problems on July 16 and 17, 1986, and again on November 11 and 14, 1986. Montgomery Elevator, the company which maintained defendant's elevators, was notified of these problems. On July 17, 1986, Montgomery sent a repairman, but there was no evidence of the work performed on this visit. Montgomery sent two repairmen on December 1, 1986, to work on elevator No. 5. The repairmen adjusted the "series field" and the "leveling" on the elevator.

Tom Wiethop, defendant's assistant building manager, testified that defendant discovered another leveling problem with elevator No. 5 on December 11, 1986. Wiethop testified that defendant took the elevator out of

---

1. We refer to Melba Henry, the injured employee, as plaintiff even though the named plaintiff in the case is Joseph Henry, Sr. Mr. Henry is Ms. Henry's court-appointed guardian and was substituted as plaintiff in this action.

service at that time and called Montgomery Elevator to make repairs. Randy Rainwater, Montgomery's repairman, came to the building on the morning of December 12, 1986. While admitting to being in the building that morning from 8:00 to 10:00 a.m., Rainwater testified that he had no recollection of what he did there but, based on his work tickets, he did not work on elevator No. 5. Wiethop, on the other hand, testified that Rainwater had worked on elevator No. 5 the morning of December 12, 1986. Wiethop further testified that defendant had not put elevator No. 5 back into service on December 12, 1986. Rather, the elevator was put back into service by Montgomery Elevator after it was repaired. Approximately two hours later, plaintiff was involved in the elevator-related accident.

From the above evidence, there is no question defendant knew that elevator No. 5 was periodically experiencing problems. At the time of the accident on December 12, however, it is unclear whether defendant had knowledge of the elevator's unsafe condition. The record contains sufficient evidence from which the jury could have found defendant to have had knowledge of the elevator's condition. More importantly, however, there was also sufficient evidence from which the jury could have found defendant to have no knowledge of the elevator's condition at the time of the accident. As in *Qualls*, there is "an issue of fact as to defendant's actual or imputed knowledge of the condition" of the elevator at the time of plaintiff's accident. *Id.*

In keeping with *Qualls*, we hold that where there is an issue of fact as to defendant's actual or imputed knowledge of the unsafe condition, the issue must be submitted to the jury by modifying MAI 24.01 in the manner set out in the Notes on Use to MAI 24.01. We find the evidence concerning defendant's knowledge in this case was sufficiently disputed to create an issue of fact which should have been submitted to the jury. The trial court erred in failing to

modify MAI 24.01 in accordance with the Notes on Use.

■ Plaintiff argues that defendant was not prejudiced by the instructional error because defendant failed to object to the instruction at trial or request a modification and did not address the issue of knowledge in its closing arguments. We disagree.

The record shows that the only objection defendant made at trial to the MAI 24.01 verdict director was that an elevator is not an "appliance". Defendant did not object to the instruction on the basis that it failed to present the issue of knowledge to the jury. Nor did defendant request a modification. However, this does not mean that the issue was not preserved for review. The issue of instructional error was preserved by its inclusion in defendant's motion for a new trial. Rules 70.02 and 78.07.[2] Due to defendant's failure to raise the proper objections at trial, however, defendant is not entitled to reversal unless prejudice is established. *E.A.U., Inc. v. R. Webbe Corp.*, 794 S.W.2d 679, 688 (Mo. App.1990).

Plaintiff's assertion that defendant did not address the issue of knowledge in its closing argument is not entirely correct. While defendant did not specifically argue that it lacked knowledge of elevator No. 5's condition at the time of the accident, defendant did address the evidence surrounding the issue. Defendant's counsel argued that defendant took the elevator out of service the day before the accident and contacted the elevator repair company. Defendant also recounted the evidence that the elevator company repairman was there the morning of the accident and the elevator was subsequently put back into service, but not by defendant. Defendant then postulated, "What more could the railroad have done under those circumstances? What more could the railroad have done other than notify the company that takes care of the elevators and has a contract with the building owner?" We find

---

**2.** Effective January 1, 1994, specific objections to instructions must be made at trial. Rule 70.03. The objections must also be raised in the motion for new trial in accordance with Rule 78.07. *Id.* The giving of an instruction in violation of Rule 70.02 shall constitute error, its prejudicial effect to be judicially determined, provided that objection has been timely made pursuant to Rule 70.03. Rule 70.02(c).

this closing argument went to the issue of defendant's knowledge.

In the present case, as in *Qualls*, defendant's knowledge of the condition of the elevator is an essential element of plaintiff's case that must be submitted to the jury. We find that the failure to submit this essential element of plaintiff's case was prejudicial to defendant and therefore reversible error. *See Harris v. Woolworth*, 824 S.W.2d 31, 35 (Mo.App.1991).

■ The trial court's instructional error is sufficient to warrant a new trial on all issues.[3] Therefore, we need not address the remaining points of the appeal and cross-appeal.

The judgment is reversed and the case remanded for a new trial on all issues.

GRIMM, P.J., and CARL R. GAERTNER, J., concur.

## ON MOTION FOR REHEARING

On motion for rehearing, Plaintiff asserts that our decision is at odds with this Court's decision in *Holley v. Missouri Pacific Railroad Co.*, 867 S.W.2d 610 (Mo.App.1993). Plaintiff argues that these decisions have created a conflict in the law as to when it is proper to modify M.A.I. 24.01 by adding a paragraph on the issue of notice. We disagree.

In *Holley, the plaintiff was injured while installing a hood on a locomotive engine. Due to the design of the engine, the installation of a hood required the boilermaker to place himself in an awkward position in a very confined space. The plaintiff was in such a position when he suffered his injury.*

On appeal, the defendants argued that the trial court erred in refusing to modify the verdict directing instruction, MAI 24.01, by inserting the paragraph on defendants' knowledge of the condition set forth in the Notes on Use following MAI 24.01 and in *Qualls v. St. Louis Southwestern Ry. Co.*,

799 S.W.2d 84, 86–87 (Mo. banc 1990). We found *no error in the trial court's refusal of the requested modification of the verdict director. We opined that "there is ample evidence that Defendants had actual knowledge of the conditions which led to Plaintiff's injury." Holley*, 867 S.W.2d at 617. We further found that "unlike the situation in Qualls, the dangerous situation encountered by Plaintiff was not of recent origin; it was inherent in the design of the locomotive. There was simply no dispute that Defendants knew of the space constraints inside the locomotive, ...*" Id.* Accordingly, we held such knowledge is chargeable to Defendants.

In the present case, we found that at the time of the accident, it was unclear whether defendant had knowledge of the elevator's unsafe condition. We further found the evidence concerning defendant's knowledge of the condition of the elevator at the time of plaintiff's accident to be sufficiently disputed to create an issue of fact which should have been submitted to the jury. Under these circumstances, it was error to not modify MAI 24.01 in accordance with the Notes on Use.

In *Holley*, the dangerous condition encountered by the plaintiff was inherent in the design of the locomotive. The condition was constant and unchanging by design. It was undisputed that the defendant knew of this dangerous condition at the time of the plaintiff's injury. The issue of the defendant's knowledge being undisputed, there was no reason to submit it to the jury by modifying the verdict director. On the other hand, in *Henry*, the dangerous condition which contributed to plaintiff's accident was not constant, but an occasional malfunction of the elevator. Also, the evidence was conflicting on defendant's knowledge of the elevator's condition at the time of the accident. As in *Qualls*, this conflicting evidence was sufficient to present an issue of fact to be submit-

---

3. The trial court had already granted a new trial on the issue of damages only. Although not necessary to the holding in the present case, we point out that the issue of damages may be retried alone only if the issue is clearly severable from and not so interwoven with the other issues in the case that the defending party is prejudiced by retrial of the single issue. *Phillips v. Lively*, 708 S.W.2d 369, 373 (Mo.App.1986). However, in FELA cases, the interrelationship of fault and damages is almost always present. *Id.*

ted to the jury and require the modification to MAI 24.01.

Plaintiff's motion for rehearing or in the alternative application for transfer to the Supreme Court of Missouri is denied.

GRIMM, P.J., and CARL R. GAERTNER, J., concur.