Gail E. MING, Plaintiff/Appellant,

v.

NORFOLK & WESTERN RAILWAY COMPANY, Defendant/Respondent.

No. 71288.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 17, 1997.

Clarence W. Harrison, II, Morris B. Chapman & Associates, Ltd., St. Louis, Hugh M. Talbert, Talbert & Associates, P.C., Alton, IL, for plaintiff/appellant.

Dan H. Ball, James W. Erwin, Bettina L. Joist, Thompson Coburn, St. Louis, for defendant/respondent.

CRANE, Presiding Judge.

Railroad employee filed a FELA action against railroad for damages for injuries she sustained when a file cabinet fell on her while working for railroad at a General Motors Corporation office. Railroad filed a motion for summary judgment asserting that it did not have actual or constructive notice of any defect or unsafe condition with respect to the file cabinet and therefore the employee's injury was not reasonably foreseeable. Employee did not file a response under Rule 74.04(c)(2) to railroad's motion. The trial court granted railroad's motion for summary judgment. Employee appeals. We affirm.

Plaintiff Gail E. Ming (employee) was employed by defendant Norfolk & Western Railway Company (railroad) as a clerk who worked for railroad in an office in the General Motors Corporation ("GM") assembly plant in Wentzville, Missouri. On January 29, 1993 employee was injured when a file cabinet tipped over and struck her.

Employee filed an action against railroad seeking damages under the Federal Employees' Liability Act (FELA) for injuries sustained when the file cabinet fell on her. She alleged that railroad was negligent and careless:

a. In failing to exercise ordinary care to furnish plaintiff with a reasonably safe place in which to do her work;

b. In failing to exercise ordinary care to furnish plaintiff with reasonably safe tools and appliances with which to do her work.

On January 29, 1996, railroad filed a motion for summary judgment supported by the affidavit of Charles T. Waggoner and excerpts from plaintiff's deposition. Waggoner averred that he was employed by railroad in the capacity of Agent–Terminal Control; that he supervised the railroad clerks employed at the GM plant; that the file cabinet was located at the GM plant in the GM office, and was owned, maintained and controlled by GM, and contained GM documents; that railroad rules required that an employee report any problems with tools or equipment to the employee's immediate supervisor; that as the clerks' supervisor, any defects or problems in the file cabinet would have been reported to him, and that he received no such reports. Railroad also attached portions of employee's deposition in which she testified that she had worked with the file cabinet for two years and had no difficulties with it and that employee did not know of any railroad supervisory personnel who were aware of any problems with the file cabinet. Railroad supported its motion for summary judgment with a memorandum of law.

Employee did not file a response to railroad's motion for summary judgment as required by Rule 74.04(c)(2). She filed, with-

out obtaining leave of court, a memorandum of law in opposition to railroad's motion 49 days after her response was due. The trial court sustained railroad's motion for summary judgment and entered judgment in railroad's favor.

On appeal employee claims that the trial court erred in granting railroad's motion for summary judgment because the issue of railroad's negligence, and the related question of foreseeability, are jury questions. She argues that it was foreseeable that an unsecured file cabinet could tip over and hurt someone.

The FELA provides for railroad liability for injuries to railroad employees caused in whole or in part by a railroad's negligence:

> Every common carrier by railroad while engaging in commerce between any of the several States or Territories ... shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce ... for such injury or death resulting in whole or in part from the negligence of any of the officers, agents or employees of such carrier....

45 U.S.C. § 52.

■ Under this statute a railroad has a duty to provide its employees with a reasonably safe place to work. *Qualls v. St. Louis Southwestern Ry. Co.*, 799 S.W.2d 84, 85–86 (Mo. banc 1990). The duty to provide a reasonably safe place to work requires the railroad to eliminate those dangers which can be removed by the exercise of reasonable care. *Id.* at 86. However, the railroad is not the insurer of the employee's safety. *Id.*

■ Employee alleged that railroad failed to provide a reasonably safe place to work or reasonably safe appliances. Under this theory of liability, the railroad's actual or imputed knowledge of the condition and that the condition was reasonably likely to cause substantial harm is an essential element. *Id.* at 87; *Henry v. Union Pacific Systems*, 875 S.W.2d 212, 213 (Mo.App.1994).

■■ In its motion for summary judgment, railroad asserted that it had no notice of any defect or problem with the file cabinet. It supported this assertion with an affidavit

and with references to excerpts from employee's deposition. A defending party may establish a right to summary judgment by showing facts that negate *any one* of the claimant's elements. *ITT Commercial Finance v. Mid–Am. Marine*, 854 S.W.2d 371, 381 (Mo. banc 1993); *Trotter's Corp. v. Ringleader Restaurants*, 929 S.W.2d 935, 939 (Mo. App.1996).

These allegations required employee to file a response. Rule 74.04(c)(2) provides:

> Within thirty days after a motion for summary judgment is served, the adverse party shall serve a response on all parties.... The response shall admit or deny each of movant's factual statements in numbered paragraphs that correspond to movant's numbered paragraphs, shall state the reason for each denial, shall set out each additional material fact that remains in dispute, and shall support each factual statement asserted in the response with specific references to where each such fact appears in the pleadings, discovery or affidavits.

■ When the movant makes a prima facie showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law, "an adverse party may not rest upon the mere allegations or denials of his pleading, but his *response*, by affidavits or as otherwise provided in this Rule 74.04, *shall set forth specific facts* showing that there is a genuine issue for trial." *ITT*, 854 S.W.2d at 381 (quoting Rule 74.04(e)). Thus, once a movant has met the burden imposed by Rule 74.04(c) by establishing a right to judgment as a matter of law, the non-movant's only recourse is to show by affidavit, depositions, answers to interrogatories, or admissions on file that one or more of the material facts shown by the movant to be beyond any genuine dispute is, in fact, genuinely disputed. *Id.*

■ Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-movant's response to the motion. *Id.* at 376. Employee wholly failed to comply with Rule 74.04(c)(2). She filed no response of any kind within the thirty day time limit. After the thirty days she filed, without obtaining

leave of court, a legal memorandum which did not comply with the form, content, or time requirements of Rule 74.04(c)(2) or 74.04(e). The facts alleged by the railroad and supported by affidavit and admissions in a deposition in its motion are therefore admitted. *Jones v. Ohio Cas. Ins. Co.*, 877 S.W.2d 118, 120 (Mo.App.1994).

■ Employee's failure to respond does not require that summary judgment be granted against her. *Peltzman v. Beachner*, 900 S.W.2d 677, 678 (Mo.App.1995). Even if uncontradicted, the facts alleged by railroad must still establish an entitlement to judgment as a matter of law, not simply the absence of a fact question. *Id.; ITT*, 854 S.W.2d at 380.

■ Thus, we must determine if railroad's motion sufficiently alleged facts which would entitle it to summary judgment as a matter of law. The facts which the railroad alleged and supported in its motion, which are set out above, support a conclusion that it had no actual or imputed knowledge of any defect or problem with the file cabinet which would cause it to tip over. Employee did not deny these facts. Rather, employee argues that the possibility that an unsecured file cabinet could tip over was enough to establish railroad's knowledge. We disagree. Some conditions which cause injury may be so apparent that the railroad's knowledge is established as a matter of law. *Turner v. Norfolk & Western Ry. Co.*, 785 S.W.2d 569, 572 (Mo.App.1990). However, this is not one of those conditions. While it may be a matter of common knowledge that an unsecured file cabinet (or other free standing objects) can be caused to tip over, this is not the knowledge of a condition *reasonably likely* to cause substantial harm required to establish liability under the FELA. In this case employee would have to have adduced facts that the railroad had knowledge of a condition in or affecting the file cabinet which would make it reasonably likely to tip over.

Railroad established its right to summary judgment by showing facts that negated the essential element of the railroad's actual or imputed knowledge of an unsafe condition.

The trial court did not err in entering summary judgment in railroad's favor.

GERALD M. SMITH and PUDLOWSKI, JJ., concur.