James M. KENLEY and Mary Beth Kenley, Plaintiffs/Appellants,

v.

J.E. JONES CONSTRUCTION CO., and Ted Hankins, Defendants/Respondents.

No. 63600.

Missouri Court of Appeals, Eastern Division, Division Two.

Feb. 22, 1994.

Christopher B. Hunter, Godfrey, IL, for plaintiffs-appellants.

John Gerard Young, Jr., St. Louis, for defendants-respondents.

CRAHAN, Judge.

James and Mary Beth Kenley ("Plaintiffs") appeal the trial court's order granting summary judgment to J.E. Jones Construction Company and Ted Hankins ("Defendants") on Plaintiffs' claim for fraud and misrepresentation. Plaintiffs also appeal the denial of their motion for leave to amend their petition to add additional counts. We affirm.

On October 25, 1987, Plaintiffs and Defendant Jones Construction Company entered into a contract for the purchase of certain residential property. The property is numbered Lot # 117 and is located within plat one of the Lexington Farms Subdivision in St. Louis County, Missouri. Before the signing of the contract, Plaintiffs were told by Defendants that the subdivision would have a clubhouse facility which would include a swimming pool and lighted tennis courts. The clubhouse was to be located in a common area at least one block away from Lot # 117. Defendant Hankins, a real estate agent for Jones Construction, represented to Plaintiffs that the clubhouse would be located on com-

mon ground near the Northfork Subdivision, an adjacent development. At the time these representations were made Defendants were in the process of negotiating to purchase this common ground but did not at that particular time hold title to the property.

Sometime after the signing of the contract but before the closing date, Plaintiffs overheard a conversation at the subdivision sales office concerning the location of the clubhouse. It was at that point that Plaintiffs realized that the site for the clubhouse had been relocated to directly across the street from Lot # 117. Plaintiffs spoke with Defendants to voice their concerns. Defendant Jones Construction gave Plaintiffs the opportunity to select another lot within the same plat but Plaintiffs felt the available lots were undesirable for various reasons. Plaintiffs decided to proceed with the purchase and construction of their house on Lot # 117. On June 22, 1988, Plaintiffs closed on their house. The clubhouse was subsequently built on the property directly across the street from Plaintiffs' lot.

On February 23, 1990, Plaintiffs filed a three count petition in the Circuit Court of St. Louis County, Missouri, challenging the relocation of the clubhouse. Plaintiffs alleged breach of contract in count I, breach of an implied warranty of habitability in count II, and fraud and misrepresentation in count III. On April 10, 1990, Defendants filed a motion to dismiss count II for failing to state a claim on which relief can be granted. Over two years later, on October 27, 1992, Defendants filed a motion to dismiss count I on the same ground. The court sustained the dismissal of count II, the breach of the implied warranty of habitability claim, and overruled the motion to dismiss count I, the breach of contract claim.

On November 4, 1992, Defendants filed a motion for summary judgment on count III, the fraud and misrepresentation claim. The trial court granted the motion on ground that, under the undisputed facts, Plaintiffs could not establish a prima facie case of fraud or misrepresentation. Plaintiffs thereafter filed a motion for leave to amend their petition to add additional counts. The additional counts included claims for negligent misrepresentation, promissory estoppel and detrimental reliance, and nuisance. Plaintiffs' motion for leave to amend was denied.

Shortly thereafter Plaintiffs voluntarily dismissed count I, the breach of contract claim, thus disposing of all Plaintiffs' claims for purposes of appeal. On appeal, Plaintiffs challenge the granting of summary judgment on count III and the denial of their motion for leave to amend.

Plaintiffs allege two points of error in the granting of the summary judgment motion. First, Plaintiffs argue that the court erred in granting the summary judgment because there existed genuine issues of material fact as to each element of their fraud claim. Second, Plaintiffs maintain that summary judgment was improper because fraud is an issue which must be decided by a jury since its major element is intent and proof of intent is a jury question.

Summary judgment is proper when the moving party has demonstrated, through the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 74.04(c). Once a movant has met that burden, the non-movant must show by counter affidavits, depositions, answers to interrogatories or admissions on file that one or more of the material facts is genuinely disputed. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 381 (Mo. banc 1993). A genuine issue is a dispute that is real, not merely argumentative, imaginary or frivolous. *Id.* at 382.

When considering appeals from summary judgment, we review the record in the light most favorable to the party against whom judgment was entered, according the non-movant the benefit of all reasonable inferences from the record. *Martin v. City of Washington*, 848 S.W.2d 487, 489 (Mo. banc 1993). A grant of summary judgment will be affirmed when there is a showing of facts negating an essential element of the plaintiff's prima facie case unless the non-moving party is able to show that facts relied on by

the moving party to establish its right to judgment as a matter of law are genuinely disputed. *ITT*, 854 S.W.2d at 381. The facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. *Id.* at 376.

Only three specific misrepresentations were alleged in the petition[1]: (1) Defendants' assurance that the clubhouse would be located a sufficient distance away from Plaintiffs' lot so as to eliminate any adverse effect or impact on Plaintiffs' residence; (2) Defendant Hankins' representation and promise, on behalf of Defendant Jones, that the clubhouse would be properly and impressively landscaped so as to eliminate said adverse impact; and (3) the representation that the clubhouse premises would include a lighted tennis court. In their brief and at oral argument, Plaintiffs addressed only the first alleged misrepresentation. We therefore deem the appeal from the trial court's grant of summary judgment on the second and third alleged misrepresentations to have been abandoned.

■ Plaintiffs claim on appeal that summary judgment on the first representation was erroneous because there are genuine issues of material fact as to all nine elements of fraud. We find it unnecessary to set forth herein and discuss all nine elements of a fraud claim. *See Clark v. Olson*, 726 S.W.2d 718, 719 (Mo. banc 1987) (listing elements of a fraudulent misrepresentation claim). The required element of falsity is dispositive.

■ Here, the alleged misrepresentation was a statement of Defendants' intent that the clubhouse would be built in a common area, approximately one block from the house to be constructed for Plaintiffs. Statements of present intent may be representations of fact which, if false, will support a fraudulent misrepresentation claim. *See Grosser v. Kandel–Iken Builders, Inc.*, 647

S.W.2d 911, 914 (Mo.App.1983). The critical element is proof that the defendant at that time did not intend to perform consistently with the statements. *Id.* Accordingly, if Defendants in fact intended to construct the clubhouse within the common area about one block away from Plaintiffs' lot at the time the representations were made, such representations are not actionable.

In support of their motion for summary judgment, Defendants submitted the affidavit of J.E. Jones Construction Company's Executive Vice President, Howard Chilcutt. Chilcutt attested that at the time Plaintiffs executed the sale contract, J.E. Jones Construction Company did, in fact, intend to build the recreational facilities in the common area as represented but was later forced to move them for reasons beyond its control.

■ Plaintiffs argue vigorously that Defendants could never have intended to perform according to their statements because they did not have the ability to perform in that they did not own the property at the time the representations were made. Because Defendants made affirmative statements without any qualifications about the location of the clubhouse, Plaintiffs contend such is proof of their intention at the time not to perform. We disagree. In an action for fraudulent misrepresentation of present intent, the issue is not whether the defendant has the present ability to carry out the represented intention. Rather, the issue is whether there is evidence that, at the time the statement was made, the defendant's true intention was something other than what was represented.

Plaintiffs rely solely on the fact that Defendants did not own the promised site at the time of representation. Plaintiffs do not rely on any other facts to support a claim that at the time Defendants' agent made the challenged representation Defendants intended to put the clubhouse anyplace other than in the common area at least a block away.

---

1. In their response to Defendants' motion for summary judgment, Plaintiffs alleged that Defendants' conduct evidenced a pattern of conduct designed to deceive and mislead Plaintiffs about the status and nature of the clubhouse. Their response to summary judgment then listed examples of Defendants' allegedly fraudulent and deceptive conduct. However, these specific allegations of fraud and deceit on the part of Defendants were not part of Plaintiffs' original petition. This court can review only the allegations contained in the petition.

"Non-ownership" alone is insufficient to maintain a fact dispute on speaker's intent. As this court noted in *Grosser*, "[a]lthough plaintiffs' expectations were disappointed, they cannot prove fraudulent misrepresentation based on defendant's honest statement of his then-existing intention." 647 S.W.2d at 915. Absent evidence contradicting Defendants' showing of their then truthful intent, we must affirm the grant of summary judgment. Point one is denied.

■ For their second point Plaintiffs assert that the trial court erred in granting summary judgment in favor of Defendants on Plaintiffs' count III because fraud is an issue that must be decided by a jury "since its' [sic] major element is intent and proof of intent is a jury question." This is incorrect. As discussed above, summary judgment may be granted with respect to a fraud claim or any other claim when the movant makes a proper showing of facts negating an essential element of the plaintiff's case and the plaintiff fails to show that such facts are genuinely disputed. *See, e.g., McCoy v. Spelman Memorial Hosp.*, 845 S.W.2d 727, 731–32 (Mo. App.1993). Point two is denied.

■ Plaintiffs next assert error in the court's denial of their motion for leave to amend their petition to add additional counts. Plaintiffs waited until after the summary judgment on count III had been granted to proffer their amended petition. The proposed amended petition contained three additional counts: negligent misrepresentation, promissory estoppel and detrimental reliance, and nuisance. Plaintiffs argue on appeal that the trial court abused its discretion in denying their motion for leave to amend. We disagree.

■ Rule 55.33(a) provides that an amendment to a pleading may be made once as a matter of course at any time before a responsive pleading is served or, if a pleading is one to which no responsive pleading is permitted and the action is not yet on the trial calendar, one may amend within 20 days after it is served; otherwise the pleading may be amended only by leave of the court or by written consent of the adverse party. The rule also specifies that leave shall be freely given when justice so requires. Rule 55.33(a). Whether to allow the amendment of a pleading is at the discretion of the trial court and this court will not disturb its decision absent an obvious and palpable abuse of discretion. *Osborn v. Boatmen's Nat'l Bank*, 811 S.W.2d 431, 437 (Mo.App.1991). In reviewing the trial court's decision, we look to see whether justice is furthered or subverted by the course taken. *Baker v. City of Kansas City*, 671 S.W.2d 325, 329 (Mo.App.1984).

We find no abuse of discretion in this case. The proposed additional counts are based on and are essentially new methods of contesting the same issues that were disposed of in count II, which was dismissed for failure to state a claim, and count III, which was ruled in favor of Defendants on summary judgment. Plaintiffs state their reason for failing to include these counts in their original petition was that these counts are different legal theories for challenges made in their original petition. According to Plaintiffs, when those counts were dismissed or summarily denied, it then became apparent that they needed to restate their claims in the form of these additional counts.

■ We conclude that justice would not have been furthered by allowing Plaintiffs to amend their petition. Plaintiffs plainly could have included these counts earlier, as alternative claims at least. Instead, Plaintiffs did not ask leave to amend until all but one of their original counts had been disposed of. Our liberal amendment rules are not meant to be employed as a stratagem of litigation. *Rigby Corp. v. Boatmen's Bank and Trust Co.*, 713 S.W.2d 517, 547 (Mo.App.1986). Rather, the purpose of the grant of an amendment is to allow a party to assert a matter unknown or neglected from inadvertence at the time of the original pleading. *Id.*

Our conclusion is further supported by the fact that at the time Plaintiffs filed their motion for leave to amend this matter, a firm trial date had already been set for two weeks later. To allow the amendment would impliedly condone the adding of additional counts at the last minute, after previous contentions failed. Accordingly, we find the trial court did not abuse its discretion in denying Plain-

tiffs' motion for leave to amend their petition. Plaintiffs' third point is denied.

Judgment affirmed.

CRANE, P.J., and KAROHL, J., concur.