TROTTER'S CORPORATION, a Missouri Corporation, Plaintiff/Respondent,

v.

RINGLEADER RESTAURANTS, INC., Clyde Johnson and Rebecca Johnson, Defendants/Appellants.

No. 69819.

Missouri Court of Appeals, Eastern District, Division Five.

Aug. 27, 1996.

Thomas A. Connelly, St. Louis, for Defendants–Appellants.

Mark T. Stoll, Wegmann, Gasaway, Stewart, Schneider, Diefenbach, Tesreau, Stoll & Sherman, Hillsboro, for Plaintiff–Respondent.

CRANE, Chief Judge.

Plaintiff, Trotter's Corporation, filed an action against its franchisee, defendant Ringleader Restaurants, Inc., and defendants Clyde and Rebecca Johnson, assignees of the franchise agreement to recover the unpaid monthly royalty payments under the franchise agreement, the purchase price of supplies and products delivered and invoiced, and the balance due under a promissory note. Defendants filed an answer asserting affirmative defenses. A counterclaim was filed against Trotter's seeking damages in Count I on a claim that Trotter's had fraudulently induced Ringleader to enter into the franchise agreement and had fraudulently induced Clyde Johnson to enter into a guaranty. In Count II Ringleader sought damages for breach of the franchise agreement.[1]

---

1. The counterclaim is confusing with respect to the parties. Count I is brought by "Separate Defendant Ringleader" but seeks damages for both Ringleader and Clyde Johnson. Count II is brought by Ringleader and Clyde Johnson, but seeks damages only for Ringleader. The memorandum in opposition to summary judgment on the counterclaim was filed by all three defendants. All of the defendants attempt to appeal from the order granting summary judgment on both counts of the counterclaim. Because we are affirming the trial court's judgment, we need not determine who would have been entitled to relief on each count of the counterclaim or who would have been an aggrieved party entitled to appeal. With respect to the counterclaim we will use the term "defendants" to refer to the position or pleading of one or more defendants.

After discovery, Trotter's filed motions for summary judgment on its claim and on both counts of the counterclaim which the trial court granted. The defendants appeal from the order granting summary judgment. We affirm.

## I. Trotter's Claim for Monies Owed

■ For their first point defendants assert that the trial court erred in granting summary judgment in Trotter's favor because Trotter's did not establish that defendants' affirmative defenses of waiver and prior breach failed as a matter of law and because there were genuine issues of material fact.

■ When considering an appeal from an order granting summary judgment, we view the record in the light most favorable to the party against whom judgment was entered. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. *Id.* We accord the non-movant the benefit of all reasonable inferences from the record. *Id.*

On February 15, 1989 Trotter's entered into a Franchise Agreement and Addendum to the Franchise Agreement [hereinafter "franchise agreement"] with Ringleader granting Ringleader a franchise to operate a Trotter's Bar–B–Que Restaurant in Arnold, Missouri. Bill Trotter, President of Trotter's, signed the agreements on Trotter's behalf and James Riddle, President of Ringleader, signed the agreements for Ringleader. The restaurant opened in December, 1989. Defendants Clyde and Rebecca Johnson purchased all outstanding Ringleader stock. On July 6, 1990, pursuant to an Assignment and Assumption of Franchise Agreement, Ringleader and Riddle assigned all of their rights under the Franchise Agreement and Addendum to defendants Clyde and Rebecca Johnson, who assumed all of the obligations thereunder. The restaurant closed at the end of April, 1991.

On June 1, 1992, Trotter's filed this action to recover from defendants $21,385.80 in un-paid royalty payments required by the Franchise Agreement; $4,604.22 on unpaid invoices for products received; and a balance of $4,817.17 due on a promissory note. In its motion for summary judgment, Trotter's supported its claim for these amounts, totaling $30,861.19, with references to the record including defendants' admissions in which they did not dispute the amounts, but claimed payment of these amounts had been orally waived and was also excused by Trotter's breach of contract.

In their brief on appeal, defendants again do not challenge the amounts of monies due and unpaid, but claim instead that summary judgment was improper because material facts remained relating to their affirmative defenses of waiver and prior breach of contract.

■ With respect to waiver, defendants alleged in their answers to Trotter's first amended petition:

f) In the fall of 1991, Plaintiff orally agreed to waive any and all franchise fees relevant to Ringleader's operation.

This assertion is limited to franchise fees and does not constitute a claim of waiver with respect to the other monies claimed. The theory of waiver is founded upon the intentional relinquishment of a known right. *Brown v. State Farm Mut. Auto. Ins. Co.*, 776 S.W.2d 384, 386 (Mo. banc 1989). Defendants' answer failed to set forth any facts to show that plaintiff intentionally relinquished its right to collect the money it was owed by defendants. The factual basis for defenses must be set out in the same manner as is required for pleadings of claims. *ITT*, 854 S.W.2d at 384. A summary judgment movant is not required to negate conclusory allegations in its motion; otherwise, it would first have to make the non-movant's case and then defeat it. *Id.*

Even if we were to hold that defendants' allegation was sufficient to require Trotter's to negate it, Trotter's made a sufficient showing that there was no factual basis for defendants' claim of waiver in its motion for summary judgment. It relied on the following excerpt from Bill Trotter's deposition:

**Q.** Were there any discussions relevant to waiver for bargaining or excusing the payment of royalties by Ringleader for the Arnold location?

**A.** (Trotter) There was no waiver whatsoever. It was I told Skip that I would hold off for two or three months on his payments. I would give him time to get his bar going, and then he would pay me.

Because Trotter's made this showing in its motion, defendants had the burden to supplement the record in their response under Rule 74.04(c) to show a factual dispute on this issue. *ITT*, 854 S.W.2d at 387. However, in their response to the motion, defendants made only one reference to the record to support the defense of waiver, which was the same question and answer from Bill Trotter's deposition set out above. Defendants wholly failed to show any genuine dispute as to a material fact relating to their defense of waiver.

### a. Prior Breach of Contract

■ Defendants alleged a defense of prior breach of contract in their answers to Trotter's first amended petition as follows:

> e) Plaintiff breached the contract between itself and Defendant Ringleader Restaurants, Inc. such as to preclude Plaintiff's recovery pursuant to any alleged agreement sued for hereunder[.]

This allegation is wholly conclusory. It does not contain the required factual basis to support a claim that plaintiff breached the contract. Trotter's had no duty to negate this allegation in its motion for summary judgment and this bare allegation does not prevent the trial court's entry of summary judgment.

The trial court did not err in granting Trotter's motion for summary judgment on its claim for monies due in the total amount of $30,861.19.

### II. Defendants' Counterclaim

■ With respect to its motion for summary judgment on the counterclaim, Trotter's is a "defending party." Where the movant is a "defending party" and does not bear the burden of persuasion at trial, that party need not controvert each element of the non-movant's claim in order to establish a right to summary judgment. *ITT*, 854 S.W.2d at 381. Rather, a "defending party" may establish a right to judgment by showing facts that negate any one of the elements of claimant's claim. *Id.* If the movant meets this burden, the non-movant may not rest upon the mere allegations or denials of its pleading, but its response, by affidavits or as otherwise provided in Rule 74.04, shall set forth specific facts showing that there is a genuine issue for trial. *Id.*; Rule 74.04(e).

### a. Count I—Fraud in the Inducement

For their second point defendants claim the trial court erred in entering summary judgment for Trotter's on Count I of their counterclaim which sought damages for fraud in the inducement of the franchise agreement and assignment. In that count, defendants alleged that Trotter's made certain false representations to defendants, on which defendants relied and which were intended to induce Ringleader to enter into the franchise agreement and Johnson to enter into a guaranty.

■ To prevail at trial, the defendants would have to prove each of the following: (1) that agents of Trotter's made certain material representations to defendants, (2) such representations were false when made, (3) the agents making the representations knew they were false, (4) the representations were made with the purpose of deceiving defendants, (5) defendants were, in fact, deceived, (6) defendants reasonably relied on the representations in signing the franchise agreement and assignment, and (7) defendants suffered damage as a proximate result of the fraudulent misrepresentations. *ITT*, 854 S.W.2d at 386. Trotter's need not disprove each of these elements; it need only establish that one element is lacking. *Id.*

The misrepresentations alleged in the counterclaim are as follows:

> a) That although the restaurant was 50% larger in size than any existing restaurants in the State of Missouri, Trotter's assured Ringleader and Johnson that the larger sized restaurant although far more

expensive that [sic] existing designed units would be economically profitable and successful; and

b) The design as proposed by Trotter's had been test marketed and marketing surveys and analysis had been completed relevant to the new designs indicating that they would be successful; and

c) That the investment would be successful and that Trotter's would supply properly trained individuals to operate and manage the restaurant business for Ringleader; and

d) Although repeatedly requested to do so, Trotter's refused to supply present sales figures for stores in the St. Louis Metropolitan area and, instead, orally represented that those figures showed substantial operating profits for the individual store units operating in the Greater St. Louis Metropolitan Area; and

e) Represented that they would expend substantial sums of money in the Greater St. Louis Metropolitan Area on tv, radio and other media advertising to support the substantial investment being made by Ringleader; and

f) Other representations to induce Ringleader and/or Johnson to agree to the terms of the proposed franchise agreement and collateral agreements.

■ In its motion for summary judgment, Trotter's set out, with respect to each alleged misrepresentation, reasons why the representations were not actionable and referred to admissions of defendant Clyde Johnson and Terry Klocke, a Ringleader officer, which showed that each alleged representation as to an existing fact was either not made, not relied on, or was not material. In their response to the motion, defendants neither admitted nor denied these facts, but incorporated their Memorandum of Law in opposition to the motion. The incorporation by reference of a "Memorandum of Law" does not satisfy the requirements of a properly drafted response to the motion for summary judgment. *Finley v. St. John's Mercy Medical Center,* 903 S.W.2d 670, 672 (Mo. App.1995); Rule 74.04(c)(2). Defendants did, however, partially comply with the rule by setting out "additional facts" which referred to Klocke's and Johnson's affidavits filed in opposition to the motion.

We will address each of the alleged misrepresentations to determine if each is an actionable misrepresentation and if, in light of the motion for summary judgment and response thereto, any genuine factual issue remains for trial.

■ First, the predictions of future success and profitability contained in subparagraphs a), b), and c) are not misrepresentations of past or existing fact and cannot be the subject of a fraud action. To constitute fraud, the alleged misrepresentation must relate to a past or existing fact. *Titan Const. Co. v. Mark Twain Kansas City Bank,* 887 S.W.2d 454, 459 (Mo.App.1994). Mere statements of opinion, expectations, and predictions for the future are insufficient to authorize a recovery for fraudulent misrepresentation. *Arnott v. Kruse,* 730 S.W.2d 597, 600 (Mo.App.1987). In particular, predictions and opinions regarding future profitability of a business cannot form a basis for fraud as a matter of law. *Zar v. Omni Industries, Inc.,* 813 F.2d 689, 692–693 (5th Cir.1987); *Kelly Tire Service, Inc. v. The Kelly–Springfield Tire Company,* 338 F.2d 248, 252–253 (8th Cir.1964).

■ In subparagraph c) defendants also alleged as a misrepresentation that Trotter's would supply properly trained individuals to operate and manage the business. Likewise, in subparagraph e) defendants alleged as a misrepresentation that Trotter's would expend substantial sums of money on advertising. These allegations do not constitute misrepresentations of a past or existing fact. A promise to take future action is not actionable absent an allegation that the maker did not presently intend to perform. *Titan Const.,* 887 S.W.2d at 459. The mere breach of promise or failure to perform does not constitute a misrepresentation of fact or create a separate claim for fraud. *Id. See also, Kenley v. J.E. Jones Construction Co.,* 870 S.W.2d 494, 497–98 (Mo.App.1994). The counterclaim did not allege a present intent not to perform.

■ In subparagraph d) defendants alleged that Trotter's refused to give sales figures for its St. Louis stores. This is not a misrepresentation. It further alleged that Trotter's orally represented that the sales figures would show "substantial operating profits" for the St. Louis stores. In its summary judgment motion, Trotter's stated that the alleged oral representation that Metropolitan St. Louis Stores showed substantial operating profits could not have induced defendants to enter into the franchise agreements because Klocke and Johnson admitted defendants did not ask for any sales figures before the restaurant opened, and Johnson admitted he did not rely on Trotter's to determine the financial success of his restaurant. Defendants responded with a reference to Johnson's and Klocke's affidavits stating that during the negotiation of the assumption Trotter presented them both with a written document indicating that the existing Trotter's restaurants were achieving annual gross sales of $2.4 million and that they relied on that figure in making their investment.

A written statement that existing restaurants were achieving certain annual "gross sales" is not equivalent to a representation that St. Louis stores showed "substantial operating profits." The response did not support a claim that an oral misrepresentation had been made relating to operating profits of existing stores and fails to show any disputed material fact concerning the making of an oral representation relating to existing stores' operating profits prior to defendants' entry into the agreements.

Defendants failed to establish each of the elements necessary to support their fraud claim. The trial court did not err in entering summary judgment on Count I of defendants' counterclaim.

*b. Count II—Breach of Contract*

■ For their third point defendants claim the trial court erred in entering summary judgment for Trotter's on Count II of defendants' counterclaim which sought damages for breach of contract.

In Count II of their counterclaim for breach of contract, defendants incorporated by reference allegations that Trotter's and Ringleader had entered into a franchise agreement on February 15, 1989 and that Johnson had "allegedly" guaranteed the obligation. They alleged that Trotter's breached its contracts with Ringleader and Johnson as follows:

a) Trotter's provided staff and/or systems which were totally inadequate, poorly trained and totally unsuited to the successful operation of Ringleader's Restaurant business; and

b) Trotter's failed and refused to provide the promised media advertising support necessary for the successful operation of a restaurant of a size that Ringleader was required to develop; and

c) The size of restaurant, and the collateral investment relevant thereto, was not appropriate to a semi-rural location such as the location of the Ringleader's Restaurant operation in Arnold, Missouri.

As damages Ringleader's claimed loss of valuable business opportunities in the amount of $850,000.00.

■ To state a cause of action for breach of contract, the defendants must allege the following: (1) the making and existence of a valid and enforceable contract between defendants and Trotter's; (2) the right of defendants and the obligation of Trotter's thereunder; (3) a violation thereof by Trotter's; and (4) damages resulting to defendants from the breach. *Chase Electric Co. v. Acme Battery Manufacturing Co.*, 798 S.W.2d 204, 208 (Mo.App.1990).

On its face Count II fails to state a claim for breach of contract because it does not set out defendants' rights or Trotter's obligations under the contract. From the pleading, it cannot be ascertained what Trotter's obligations were which defendants claim were breached.

Further, in its motion for summary judgment, Trotter's asserted that the franchise agreement does not contain any obligations relative to the defendants' claimed breaches. Specifically paragraph 5 of the Franchise Agreement provides only that Trotter's will provide certain training and assistance to the

franchisee, not that Trotter's would provide "staff and/or systems" to the franchisee. Paragraph 14 of the Franchise Agreement covers the issue of promotion and advertising and provides that the franchisor *may* provide certain types of promotion. This paragraph does not mandate the expenditure of any sums for promotional purposes. The agreement did not obligate Trotter's to provide media advertising support necessary for the successful operation of a restaurant of a size that Ringleader was required to develop. There was no provision in the franchise documents making any promises with regard to the size of the restaurant or the collateral investment relevant thereto.

In their response to the motion, defendants did not admit or deny Trotter's assertions or provide any additional facts. Their sole response to these assertions in Trotter's motion was to incorporate by reference their memorandum of law. As we have previously stated, the incorporation by reference of a "Memorandum of Law" does not negate the requirements which are necessary for a properly *drafted response to the motion for* summary judgment. *Finley,* 903 S.W.2d at 672; Rule 74.04(c)(2).

Even if we consider the Memorandum of Law as part of the response, it does not support any viable claim of a breach of contract. Defendants failed to respond to the assertion that the franchise agreement did not require Trotter's to provide "staff and/or systems", but claimed instead that Trotter's breached a training obligation, a claim not made in their counterclaim. They further claimed, with no reference to the record, that the documents required Trotter's to provide promotional support "and was the sole reason for paying a promotional fee to Trotter's." However, as set out in Trotter's motion for summary judgment, the documents did not require promotional support and defendant Johnson admitted the promotional fee had been waived. Defendants did not cite any contract provision obligating Trotter's to specify a restaurant size and investment of an "appropriate" amount. The trial court did not err in entering summary judgment in Trotter's favor on Count II of defendants' counterclaim.

The judgment of the trial court entering summary judgment in favor of Trotter's on its claim and on both counts of the counterclaim is affirmed.

AHRENS, J., and WILLIAM E. TURNAGE, Senior Judge, concur.