# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1323EM

_____

G. Elvena Martin; Coyita Thomas;      *
Judith A. Corwin,                      *
                                       *
            Appellants,                *
                                       *   Appeal from the United States
      v.                               *   District Court for the Eastern
                                       *   District of Missouri.
American Family Mutual Insurance       *
Company; American Family Life          *          [PUBLISHED]
Insurance Company; American Standard   *
Insurance Company of Wisconsin,        *
                                       *
            Appellees.                 *

_____

Submitted: September 24, 1998
Filed: October 1, 1998

_____

Before McMILLIAN, HEANEY, and FAGG, Circuit Judges.

_____

PER CURIAM.

      G. Elvena Martin, Coyita Thomas, and Judith A. Corwin were independent insurance agents in Missouri for American Family Mutual Insurance Company, American Family Life Insurance Company, and American Standard Insurance Company of Wisconsin (collectively American Family). After American Family terminated their agencies, the agents brought this lawsuit asserting various claims. In 1997 the district court dismissed the agents' wrongful discharge, tortious interference,

and conversion claims. A year later, in 1998, the district court granted summary judgment to American Family on the agents' remaining claims. The agents filed a timely notice of appeal stating they were appealing the 1998 summary judgment order. After the time for appeal expired, the agents submitted an appeal information form stating they were also appealing the 1997 dismissal order.

Initially, American Family contends we lack jurisdiction to consider the agents' appeal of the district court's 1997 dismissal order. The agents contend we have jurisdiction to consider the dismissed claims because the agents listed the 1997 dismissal as an issue on their appeal information form. See 8th Cir. R. 3B (requiring submission of appeal information form for administrative purposes along with notice of appeal).

To vest us with jurisdiction over an appeal, the appellant must comply with Federal Rule of Appellate Procedure 3. See Smith v. Barry, 502 U.S. 244, 248 (1992). Rule 3 requires appellants to file a notice of appeal that "designate[s] the judgment, order, or part thereof appealed from" within thirty days after the district court enters the judgment or order. Fed. R. App. P. 3(c); see id. R. 3(a); id. R. 4(a)(1). Because we liberally construe the Rule's requirements, a technically deficient document that is the functional equivalent of the required notice can serve as a notice of appeal if the document is filed within the thirty-day appeal period. See Smith, 502 U.S. at 248-49. The failure to refer to the order appealed from is more than a technical deficiency, however, and creates a jurisdictional bar to the appeal. See Klaudt v. United States Dept. of Interior, 990 F.2d 409, 411 (8th Cir. 1993). We have held an appeal information form filed within the thirty-day period cannot independently provide jurisdiction, but can supplement a notice of appeal to create jurisdiction over a district court order identified only on the form. See Elca Enters., Inc. v. Sisco Equip. Rental & Sales, Inc., 53 F.3d 186, 189 (8th Cir. 1995); see also C & S Acquisitions Corp. v. Northwest Aircraft, Inc., No. 96-4081, 1998 WL 469894, at *3 (8th Cir. Aug. 13, 1998). In the case before us, the agents did not file their appeal information form

within the thirty-day appeal period expressing their intent to appeal the 1997 dismissal order. Thus, we lack jurisdiction to review the 1997 dismissal order, and turn instead to the properly appealed 1998 decision granting summary judgment to American Family on the issues of fraud, promissory estoppel, breach of the implied covenants of good faith and fair dealing, and breach of contract.

The agents' fraud claims fail as a matter of law because the agents cannot carry their burden to prove every essential element of fraud. See Craft v. Metromedia, Inc., 766 F.2d 1205, 1218 (8th Cir. 1985) (applying Missouri law); Heberer v. Shell Oil Co., 744 S.W.2d 441, 443 (Mo. 1988); Trotter's Corp. v. Ringleader Restaurants, Inc., 929 S.W.2d 935, 939 (Mo. Ct. App. 1996). Even if a management official said the agents would have "lifelong careers" with American Family as the agents allege, the agents cannot show the statements were knowingly false when made. See Craft, 766 F.2d at 1219; Kenley v. J.E. Jones Const. Co., 870 S.W.2d 494, 498 (Mo. Ct. App. 1994). Further, no reasonable jury could find the agents' reliance on the statements was reasonable given the agency contract language, which says the agencies "may be terminated by either party with or without cause," the contract may not be modified except by written agreement, and the written contract takes precedence over any inconsistent oral statements. See One-o-One Enters., Inc. v. Caruso, 848 F.2d 1283, 1286-87 (D.C. Cir. 1988) (Ginsburg., J.).

The agents' remaining claims also fail as a matter of law. Because the agency contract unambiguously permitted termination of the agencies at will, promissory estoppel cannot be used to create a right preventing termination, see Hamra v. Magna Group, Inc., 956 S.W.2d 934, 939 (Mo. Ct. App. 1997) (per curiam), and the covenant of good faith and fair dealing cannot give rise to a right against termination, see Comprehensive Care Corp. v. Rehabcare Corp., 98 F.3d 1063, 1066 (8th Cir. 1996) (applying Missouri law). The agents do not assert the district court committed error in granting summary judgment on their claim for breach of contract.

In sum, we decline to review the district court's 1997 order because we lack jurisdiction, and we affirm the district court's 1998 order granting summary judgment to American Family.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.