# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3254

_____

Mark A. Sindecuse,           *
                        *

        Appellant,      *
                        *   Appeal from the United States
      v.                *   District Court for the
                        *   Eastern District of Missouri.
Dean M. Katsaros; Katsaros &amp;  *
Associates, Inc.; CIB Marine    *
Bancshares, Inc.,          *
                        *

        Appellees.      *

_____

Submitted:  May 12, 2008
Filed:  September 5, 2008

_____

Before LOKEN, Chief Judge, BYE, and COLLOTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Mark Sindecuse appeals an adverse grant of summary judgment on his Missouri common law fraud claim against Dean Katsaros and CIB Marine Bancshares, Inc. We affirm the judgment of the district court.[1]

_____

[1]The Honorable Thomas C. Mummert, III, United States Magistrate Judge for the Eastern District of Missouri, presiding with the consent of the parties pursuant to 28 U.S.C. § 636(c).

I.

Sindecuse purchased stock from CIB in private sales from 1995 to 1998, at prices of over $1,000 per share. Katsaros was Sindecuse's accountant and a director of CIB. Sindecuse alleges that as the stock price declined in 2003, he asked Katsaros and CIB to find a buyer for his stock, but they did not do so. Sindecuse then sued Katsaros, Katsaros's accounting firm, and CIB in federal court, pursuant to 28 U.S.C. § 1332, alleging fraud and other causes of action. At the time he filed the complaint, Sindecuse still owned the stock, which was trading at $5 per share.

Sindecuse asserts that Katsaros guaranteed that Sindecuse would be able to sell his stock within twenty-four hours whenever he wanted to do so. Sindecuse's initial allegation in this suit was different. His complaint alleged that Katsaros had promised that CIB would buy back Sindecuse's shares whenever he wanted to sell them. At his deposition, Sindecuse initially repeated this allegation, [App. 69], but upon cross-examination, Sindecuse admitted that Katsaros had never stated that CIB would purchase the shares. Instead, Sindecuse testified that Katsaros had promised him that CIB would help him sell his shares, and assured him that there would certainly be buyers available.

At his deposition, Katsaros denied that he ever told Sindecuse that he or the bank would "ensure that he could get out" if Sindecuse wanted to sell his stock. He admitted that such a statement would have been false, because he "would not ensure, nor could the bank ensure" that they could "get him out." Katsaros also admitted that he knew this when Sindecuse purchased the stock. When asked if CIB would have forbidden him to make such a representation, Katsaros responded: "I'm not sure if anybody ever told me it was not allowed. It wasn't a statement that had any kind of logic to it. None of us could do that." Katsaros acknowledged that "it just couldn't be done."

-2-

The district court, applying Missouri law, dismissed several claims, and granted summary judgment for the defendants on all remaining claims. Regarding Sindecuse's fraud claim against Katsaros and CIB, the court ruled that Sindecuse had not presented any evidence that Katsaros did not intend to keep his alleged promise when it was made. Sindecuse appeals from the judgment on this claim only.

## II.

We review the district court's decision *de novo*, while granting Sindecuse, the non-movant, the benefit of all reasonable inferences from the evidence without resort to speculation. *Johnson v. Ready Mixed Concrete Co.*, 424 F.3d 806, 810 (8th Cir. 2005). Summary judgment is appropriate if there is no genuine issue of material fact, and the defendants are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

To establish fraud under Missouri law, Sindecuse must show that Katsaros made a misrepresentation concerning a past or existing fact. *Trotter's Corp. v. Ringleader Rests.*, 929 S.W.2d 935, 940 (Mo. Ct. App. 1996). One cannot predicate a fraud action upon a statement regarding what independent third parties will do in the future. *Eureka Pipe, Inc. v. Cretcher-Lynch & Co.*, 754 S.W.2d 897, 899 (Mo. Ct. App. 1988). Because a statement about the future actions of third parties is really a prediction rather than a promise, this rule is just a corollary of another Missouri rule that predictions for the future are not actionable as fraudulent misrepresentations. *Trotter's Corp.*, 929 S.W.2d at 940.

Sindecuse alleges that Katsaros guaranteed that he would be able to sell his stock. He argues that there is a genuine issue for trial, because, according to Sindecuse, Katsaros's testimony that he could not make such a guarantee indicates that Katsaros's representation was false when made. If Sindecuse's testimony is believed, however, Katsaros's guarantee consisted of (1) a promise to perform a future act, and (2) a prediction about the future. Katsaros allegedly promised Sindecuse that

he would facilitate a sale between Sindecuse and a buyer, and predicted that there would always be a willing buyer. The prediction was the key statement, because without a willing buyer, Katsaros's promise to facilitate a sale was useless.

Katsaros's alleged prediction that there would always be a buyer for Sindecuse's stock fits comfortably within the Missouri rule that predictions cannot support a fraud claim. In *Eureka Pipe*, a case presenting a similar fact pattern, the plaintiffs relied on repeated assurances from a bond and insurance broker, Ritchey, that he would be able to secure a bond necessary to their business. 754 S.W.2d at 897-98. Ritchey was unable to secure the bond, and Eureka Pipe lost a $1 million dollar contract. *Id*. at 898. The Missouri Court of Appeals held that Ritchey's prediction could not be fraud, because while "Ritchey knew more about the performance bond business generally" than did the plaintiffs, the plaintiffs knew that Ritchey "could not bind any surety company." *Id*. at 899. The court's conclusion in *Eureka Pipe* answers Sindecuse's claim as well: "[A] statement is not actionable that an independent third person . . . will do some particular thing." *Id*. Sindecuse knew that Katsaros could not force anyone to buy his stock, (J.A. 78), so Katsaros's alleged assurance that someone would always be willing to do so does not make him liable for fraud.

Katsaros's promise to facilitate a sale to a buyer also cannot support a fraud claim. A party's promise to take future action may be a misrepresentation of an existing fact, and thus actionable as fraud, but only if it is accompanied by a present intention not to perform. *Trotter's Corp.*, 929 S.W.2d at 940. Sindecuse relies on just one piece of evidence to show that Katsaros's promise to facilitate a sale was false when made: Katsaros's deposition testimony that he could not have ensured that Sindecuse would be able to sell his stock, because it would have been impossible to make such an assurance. But Katsaros's testimony in no way suggests that Katsaros and CIB never intended to facilitate an exchange between Sindecuse and a willing buyer. Katsaros's testimony that no one could guarantee a willing buyer fails to

support a reasonable inference that Katsaros and CIB did not intend to seek a buyer, or did not intend to facilitate a sale with such a buyer if one could be found. So while Katsaros's testimony suggests that his alleged prediction was incorrect, it does not suggest that his alleged promise to facilitate a sale was false. Without evidence that Katsaros never intended to honor his alleged promise, Sindecuse's fraud claim fails.

For these reasons, the judgment of the district court is affirmed.

_____