Before beginning our analysis of these arguments, we address the fact that the points relied on in the Eckel Plaintiffs' brief do not track the counts in the Petition. Specifically, the Eckel Plaintiffs address dismissal of Count I (Quiet Title) in Points I, II, and III of their brief, Count III (Slander of Title) in Point I, Count IV (Conversion of Real Property) in Point IV, and Count V (Accounting) in Points II, III, and V of their brief.[17] For clarity and efficiency, we consider all points appealed regarding Count I together; we do the same with respect to Count V.
1. Points I, II, and III as to Dismissal of Count I (Quiet Title)
Count I of the Petition purports to state a cause of action to quiet title. The Petition alleged that Wayne and Kathleen's attempt to convey the Property in 2002 was ineffective, that Limerick maintained its interest in the Property, and that Limerick, through Richard, its president, had the authority to wind up the affairs of the company by transferring the Property to Eckel Enterprises, Inc. in 2015.
An action to quiet title is a statutory cause of action to adjudicate the interest of several claimants to real property. See Moss v. Moss , 706 S.W.2d 884, 887 (Mo. App. W.D. 1986) (an action to quiet title is "a special statutory action to adjudge the respective estates, titles and interest of several claimants to land"). The statutory cause of action is set out in § 527.150.1,[18] which states,
*484 [a]ny person claiming any title, estate or interest in real property, whether the same be legal or equitable, certain or contingent, present or in reversion, or remainder, whether in possession or not, may institute an action against any person or persons having or claiming to have any title, estate or interest in such property, whether in possession or not, to ascertain and determine the estate, title and interest of said parties, respectively, in such real estate, and to define and adjudge by its judgment or decree the title, estate and interest of the parties severally in and to such real property.
The Trust moved to dismiss Count I on three grounds: (1) expiration of the statute of limitations; (2) failure to allege the corporate status or good standing of Limerick, the real party in interest; and (3) unclean hands on the part of Richard and Judy. The Eckel Plaintiffs argue that the court erred in dismissing Count I because (1) the court applied the wrong limitations period, and their claim for quiet title is not time barred (Point I); (2) Richard and Judy are the real parties in interest, and, therefore, can assert a quiet title claim (Point II); and (3) the agreements between Richard and Judy and Wayne and Kathleen meet all the elements of an enforceable contract, and, therefore, Richard and Judy can assert a quiet title claim under the contract (Point III). The dismissal of Count I was appropriate because the quiet title claim was time barred.
"An action to quiet title is governed by the ten[-]year statute of limitation[s] contained in section 516.010." Basye v. Fayette R-III Sch. Dist. Bd. of Educ. , 150 S.W.3d 111, 115 (Mo. App. W.D. 2004). Section 516.010 states, in pertinent part, "[n]o action for recovery of any lands, ... or for the recovery of the possession thereof, shall be commenced ... by any person ..., unless it appears that the plaintiff ... or other person under whom he claims was seized or possessed of the premises in question, within ten years before the commencement of such action." Based on this language, the Eastern District of this court held that no action to quiet title may be maintained unless the plaintiff, or someone under whom he claims, has been seized or possessed of the property within ten years before the action is filed. Hooks v. Spies , 583 S.W.2d 569, 572-73 (Mo. App. E.D. 1979) (allowing party with record title to bring quiet title action where evidence did not show possession in another title within ten years prior to commencement of action). There, the court said, " '[s]eisin' embraces both possession and title and 'he who does not have both of these is not seised of the land.' " Id. at 572 (quoting Lasswell Land and Lumber Co. v. Langdon , 204 S.W. 812, 813 (Mo. App. 1918) ). Thus, for a quiet title action to be timely, it must be filed within ten years of the date the plaintiff, or someone under whom he claims, had possession of, or record title to, the property.
According to the Petition, none of the Eckel Plaintiffs have possessed the Property since at least 2001, when title was transferred to Wayne and Kathleen and they assumed responsibility for managing the Property. Also according to the Petition, record title to the Property has been held first by Wayne and Kathleen, then by the Trust, since 2003. Thus, according to the Petition, no plaintiff in this case has been seized or possessed of the Property since 2003, at the very latest. The Eckel Plaintiffs filed the Petition on April 6, 2016, well after the expiration of the ten-year statute of limitations for a quiet title action.[19]
*485 The Eckel Plaintiffs attempt to extend the limitations period for their quiet title claim by arguing that the claim is governed by a fifteen-year statute of limitations for fraud claims under § 516.120(5). However, Count I does not state a claim for fraud. Claims for quiet title and fraud are separate and unique causes of action that require specific elements to be pleaded and proved.[20] Count I does not include the allegations necessary to state a claim for fraud.
Because we find that the Eckel Plaintiffs' quiet title claim is time barred and, therefore, dismissal of Count I was appropriate on that basis, we do not address the remaining arguments regarding Count I. Points I, II, and III[21] as to dismissal of Count I are denied.
2. Point I as to Dismissal of Count III (Slander of Title)
Count III, brought by Richard and Judy, purports to state a cause of action for slander of title. "[A] claim of slander of title requires the plaintiff to demonstrate: 1) some interest in the property, 2) that the words published were false, 3) that the words were maliciously published, and 4) that he suffered pecuniary loss or injury as a result of the false statement." Bechtle v. Adbar Co., L.C. , 14 S.W.3d 725, 728 (Mo. App. E.D. 2000). The Petition alleged that (1) the Eckel Plaintiffs had, and should still have, an unclouded title and fee simple interest in the Property; (2) Wayne created a false document in 2002, purporting to make Wayne and Todd the sole directors of Limerick; (3) Wayne and Kathleen filed a patently false deed in 2003, transferring the Property to the Trust; (4) Wayne and Kathleen filed the 2003 deed with malicious intent; and (5) the 2003 deed caused pecuniary loss or injury to the Eckel Plaintiffs.[22]
*486 The Trust moved to dismiss Count III as untimely. The Eckel Plaintiffs argue that the court erred in dismissing Count III because the court applied the wrong limitations period, and their claim is not time barred. An action for slander of title is governed by the five-year statute of limitations in § 516.120(4). Jones v. Rennie , 690 S.W.2d 164, 167 (Mo. App. E.D. 1985). In pertinent part, § 516.120(4) states, "[a]n action for ... injuring any goods or chattels, ... or for any other injury to the ... rights of another, not arising on contract and not herein otherwise enumerated" must be commenced within five years. Section 516.100 provides that the limitations period in § 516.120 commences when the cause of action accrues. Accrual takes place not "when the wrong is done or the technical breach of ... duty occurs, but when the damage resulting therefrom is sustained and is capable of ascertainment...." Section 516.100. In other words, "a cause of action accrues when a plaintiff has some notice or awareness that he has suffered an injury or that another individual has committed a legal wrong which may result in harm to the plaintiff." Warren County Concrete, L.L.C. v. Peoples Bank & Trust Co. , 340 S.W.3d 289, 291 (Mo. App. E.D. 2011). At that point, the limitations period begins to run. "Missouri uses a reasonable person standard: a wrong is capable of ascertainment when 'a reasonable person would have been put on notice that an injury and substantial damages may have occurred and would have undertaken to ascertain the extent of the damages.' " Gerken v. Sherman , 351 S.W.3d 1, 7 (Mo. App. W.D. 2011) (quoting Powel v. Chaminade College Preparatory, Inc. , 197 S.W.3d 576, 584-85 (Mo. banc 2006) ).
The Trust asserts that, pursuant to § 442.390, the slander of title claim accrued when the deeds at issue were filed. In pertinent part, § 442.390 states, "[e]very ... instrument in writing, certified and recorded in the manner herein prescribed, shall, from time of filing the same with the recorder for record, impart notice to all persons of the contents thereof...." The Trust's argument is inconsistent with current Missouri law. In Larabee v. Eichler , 271 S.W.3d 542 (Mo. banc 2008), the Missouri Supreme Court declined to treat good-faith buyers as knowing facts that appeared in real-estate records for purposes of determining when a fraud claim against the sellers accrued, because "[t]he recording laws establish a priority as between innocent claimants to the same property or right; they are not intended to give security to the perpetrators of fraud as against their victims." Id. at 547 (quoting Dreckshage v. Cmty. Fed. Sav. & Loan Ass'n , 555 S.W.2d 314, 319-20 (Mo. banc 1977) ). "The record of an instrument is notice only to those who are bound to search for it [,] ... not a publication to the world at large." Id. at 546 (quoting Dreckshage , 555 S.W.2d at 319 ). Therefore, contrary to the Trust's argument, a party cannot rely on real estate recordings as providing constructive notice of a claim so as to set the statute of limitations in motion. Therefore, the question is when a reasonable person in the position of the Eckel Plaintiffs would have become aware of the alleged slander to the title.
The statute of limitations is an affirmative defense, and, as such, the burden of proof rests with the defendant, not the plaintiff. Rule 55.08;[23] Cordes v. Williams , 201 S.W.3d 122, 139 (Mo. App. W.D. 2006). "Because the statute of limitations is a matter of defense, and need not be pleaded by the plaintiff, we can affirm a dismissal on that basis only if it appears *487 from the facts stated in the petition that the statute of limitations bars the claim as a matter of law." Thomas v. City of Kansas City , 92 S.W.3d 92, 100 (Mo. App. W.D. 2002). "Therefore, in attempting to determine whether the trial court properly dismissed the petition, we must examine whether, on the face of the petition, it is apparent that plaintiffs' claim is barred as a matter of law." Id. Here, the Petition does not contain sufficient information to determine when the damage from the alleged slander of title "[wa]s sustained and [wa]s capable of ascertainment." § 516.100; see Warren Cty. Concrete, L.L.C. , 340 S.W.3d at 291. The Petition includes the dates of the various deeds, but nothing more in terms of when the slander of title claim accrued. Without more information, which the Eckel Plaintiffs have no affirmative duty to include in the Petition, we cannot determine when the cause of action accrued and thus whether the limitations period expired before the Petition was filed. Therefore, we find that the court erred in dismissing Count III as time barred. Point I as to dismissal of Count III is granted.
3. Point IV as to Dismissal of Count IV (Conversion of Real Property)
Count IV of the Petition purports to state a tort claim for conversion of the Property. The Petition alleged that the August 2002 corporation general warranty deed purporting to transfer the Property to Wayne and Kathleen was done fraudulently and with the intent to slander the Eckel Plaintiffs' title and deprive them of their right to possess the Property. "[C]onversion is the unauthorized assumption of the right of ownership over personal property of another to the exclusion of the owner's rights." Columbia Mut. Ins. Co. v. Long , 258 S.W.3d 469, 476 (Mo. App. W.D. 2008) (quoting Maples v. United Sav. & Loan Ass'n , 686 S.W.2d 525, 527 (Mo. App. S.D. 1985) ) (emphasis added). "Personal property is defined as any 'movable or intangible thing that is subject to ownership and not classified as real property.' " Weicht v. Suburban Newspapers of Greater St. Louis, Inc. , 32 S.W.3d 592, 600 (Mo. App. E.D. 2000) (quoting Black's Law Dictionary 1233 (7th ed. 1999)). Because the tort of conversion does not apply to real property, the court did not err in dismissing Count IV, as pled.
The Trust moved to dismiss Count IV on that basis, i.e. , failure to state a claim for conversion, and on the basis that the statute of limitations for a conversion claim had expired. In their Suggestions in Opposition to the motion to dismiss, the Eckel Plaintiffs made no argument that their count for conversion of real property states a claim upon which relief could be granted. Instead, within the body of their Suggestions in Opposition, they asked for leave to amend the Petition to substitute a claim for conversion of money. They repeated their request for leave to amend during oral arguments on the Trust's motion to dismiss. The court dismissed Count IV without addressing the request for leave to amend.
The gravamen of the Eckel Plaintiffs' argument on appeal is that the court abused its discretion in not granting them leave to amend Count IV of the Petition to allege a claim for conversion of money. We find that the court did not abuse its discretion. We articulated the standard of review where a court denies leave to amend in Tisch v. DST Systems, Inc. , 368 S.W.3d 245 (Mo. App. W.D. 2012). There, we stated, "[w]hether to allow the amendment of a petition to add additional counts is at the discretion of the trial court, and we will not disturb its decision 'absent an obvious and palpable abuse of discretion.' " Id. at 257 (quoting Kenley v. J.E. Jones Constr. Co. , 870 S.W.2d 494, 498 (Mo. App. E.D. 1994) ). "Judicial discretion is abused when *488 the court's ruling is clearly against the logic of the circumstances presented to the court and is so unreasonable and arbitrary that it shocks the sense of justice and indicates a lack of careful, deliberate consideration." Id. (quoting Moore v. Firstar Bank , 96 S.W.3d 898, 903-04 (Mo. App. S.D. 2003) ). "In reviewing the trial court's decision, we look to see whether justice is furthered or subverted by the course taken." Id. (quoting Kenley , 870 S.W.2d at 498 ). "Factors to be considered in determining whether the trial court erred in denying leave to amend include: (1) the hardship to the moving party if leave to amend is denied; (2) the moving party's reasons for omitting the matter from the original pleading; and (3) any injustice that would result to the nonmoving party were leave to amend granted." Id. In finding that the trial court in Tisch did not abuse its discretion in denying the plaintiff's motion for leave to amend his petition, we explained,
[t]he recognized function of the amendment rule is to enable a party to present evidence that was overlooked or unknown at the time that the original pleading was filed without changing the original cause of action.... There is no abuse of discretion in denying the amended pleadings of parties who fail to show the pleadings include any facts that were unknown when the original pleading was filed.
Id. at 258.
While we acknowledge the potential hardship to the Eckel Plaintiffs, the court's denial of leave to amend the Petition was not an abuse of discretion. The Eckel Plaintiffs did not explain their failure to properly plead a claim for conversion in the Petition, nor did they identify any facts that were unknown when the Petition was filed.[24] Under these circumstances, the court did not abuse its discretion in declining to grant the Eckel Plaintiffs the chance to correctly plead a cause of action for conversion. Point IV as to dismissal of Count IV is denied.[25]
4. Points II, III, and V as to Dismissal of Count V (Accounting)
In Count V of the Petition, Richard and Judy alleged that they are entitled to a full accounting of all money from the Property paid to the Trust. On appeal, Richard and Judy appear to rely on their agreements with Wayne and Kathleen as the basis for their accounting claim, but the Petition does not cite any provision of the agreements that provides for an accounting, and, in their Petition, Richard and Judy asserted, as part of their accounting claim, that they have no adequate remedy at law. For these reasons, we interpret Count V, as pled, to be a claim for an equitable accounting. To establish a right to an equitable accounting, a party must show "a need for discovery, complicated accounts, a fiduciary or trust relationship between the parties, and lack of an adequate legal remedy."[26] Gerken v. Sherman , 276 S.W.3d 844, 855 (Mo. App. W.D. 2009).
*489 The Trust moved to dismiss Count V on two grounds: (1) failure to name Limerick, the true party in interest and (2) expiration of the statute of limitations. Richard and Judy identify three grounds on which they claim the court erred in dismissing Count V: (1) they are the real parties in interest, and, therefore, they can assert a claim for an accounting (Point II); (2) the agreements meet all the elements of an enforceable contract, and, therefore, Richard and Judy can assert a claim for an accounting under the contract (Point III); and (3) Richard and Judy may be able to receive an accounting under the contract once the agreements are presented to the court (Point V).
In its motion to dismiss, the Trust argues that, because the Eckel Plaintiffs claimed in their Petition that the Property belonged to either Limerick or Eckel Enterprises, Inc., those entities are the true parties in interest and should be the ones to bring an accounting claim. Instead, Richard and Judy are the parties seeking the accounting. On the facts pleaded in the Petition, we find that Richard and Judy, as parties to the agreements with Wayne and Kathleen, are the true parties in interest on the accounting claim, and, therefore, dismissal of Count V for failure to name the true parties in interest was inappropriate.
In its motion, the Trust also argues that Count V is barred by the applicable statute of limitations, which the Trust asserts is either five years under § 516.120 or ten years under § 516.110. However, the Eckel Plaintiffs did not appeal dismissal of Count V on the grounds that the statute of limitations had expired because they did not raise that issue in a point relied on, so dismissal of Count V on statute of limitations grounds is not properly before this court. Where, as here, the court did not state its reasons for dismissal, this court "presumes it was for some reason stated in the dismissal motion and will affirm if dismissal was appropriate on any ground stated therein." Costa , 274 S.W.3d at 462. Failure to challenge on appeal all articulated grounds for the court's ruling is fatal to the success of the appeal. See Spencer v. Lombardi , 500 S.W.3d 885, 889 (Mo. App. W.D. 2016) (finding appellant waived any challenge as to dismissal of respondents on grounds of absolute immunity by failing to raise that issue in his point relied on). Therefore, Points II, III, and V as to dismissal of Count V are denied.[27]
Conclusion
Finding that dismissal of Counts I (Quiet Title), IV (Conversion of Real Property), and V (Accounting) was appropriate, we affirm the court's rulings with respect to those claims. Finding that dismissal of Count III (Slander of Title) was inappropriate, we reverse the court's ruling on that claim and remand for further proceedings consistent with this opinion.
Thomas H. Newton, Presiding Judge, and Victor C. Howard, Judge, concur.

Count II of the Petition purports to state a claim for breach of contract. But none of the five points relied on addresses dismissal of Count II. An issue not presented in a point relied on is not preserved for review. Lusher v. Gerald Harris Constr., Inc. , 993 S.W.2d 537, 544 (Mo. App. W.D. 1999). In the argument section of their brief, the Eckel Plaintiffs refer to the purported contract and assert that breach of the contract gave rise to some of their claims. But, "[a] reviewing court is obliged to determine only those questions stated in the points relied on. Issues only in the argument portion of the brief are not presented for review." Id. (quoting Martin v. McNeill , 957 S.W.2d 360, 366 (Mo. App. W.D. 1997) ). The Eckel Plaintiffs did not appeal the court's dismissal of Count II, and, therefore, that issue is not presented for our review. Our analysis of the issues on appeal does not turn on the alleged contract or breach thereof, so the failure to raise dismissal of Count II on appeal is not dispositive of the issues before us.

All statutory references are to the Revised Statutes of Missouri (2016).

The circumstances of this case highlight one important reason for limitations periods, i.e. , they require claimants "to seasonably file and to vigilantly prosecute their claims for relief" while evidence and witnesses remain available. Dorris v. State , 360 S.W.3d 260, 269 (Mo. banc 2012) (quoting State ex rel. Collector of Revenue of City of St. Louis v. Robertson , 417 S.W.2d 699, 701 (Mo. App. 1967) ). Here, both Wayne and Kathleen, the two individuals with superior knowledge of the events forming the basis of the claims, are deceased.

The Missouri Supreme Court generally requires nine elements for fraud: "a representation; that is false; that is material; the speaker's knowledge of its falsity or ignorance of its truth; the speaker's intent it be acted on; the hearer's ignorance of the falsity of the representation; the hearer's reliance; the hearer's right to rely on it; and injury." State ex rel. PaineWebber v. Voorhees , 891 S.W.2d 126, 128 (Mo. banc 1995). "The circumstances of each element must be stated with particularity." Id. ; see also Rule 55.15. The Eckel Plaintiffs did not plead the required elements of fraud with particularity.

In Point III, Richard and Judy argue that the court erred in dismissing Count I because their agreements with Wayne and Kathleen were enforceable contracts. We need not address whether a quiet title claim can be pleaded based on an alleged breach of contract because the issue is whether the quiet title claim was barred by the statute of limitations, and Richard and Judy make no argument that the allegation of an underlying breach of contract affects the applicable statute of limitations. And the statute of limitations for breach of contract is either five years under § 516.120 or ten years under § 516.110, depending on the nature of the claim.

On the face of the Petition, it is not clear to us that Count III states a claim for slander of title. It also is not clear to us that the Petition names the true parties in interest for purposes of this claim. Richard and Judy brought Count III in their names, but the Petition contains no averment that Richard and Judy ever held title to the Property in their names. The Trust's motion to dismiss does not raise failure to state a claim as a basis for dismissal of the slander of title claim or that Richard and Judy are not the real parties in interest, however, and we "will not ... affirm the grant of a motion to dismiss on grounds not stated in the motion." Breeden v. Hueser , 273 S.W.3d 1, 6 (Mo. App. W.D. 2008).

All rule references are to the Missouri Supreme Court Rules (2016).

At the hearing on its motion to dismiss, the Trust stated, "[t]his is the second lawsuit that [the Eckel Plaintiffs have] filed with respect to this matter. The first one was filed last year and was voluntarily dismissed." Information about the first lawsuit is not included in the Legal File for this case.

Because we conclude that the court did not abuse its discretion in denying the request for leave to amend Count IV of the Petition, we do not reach the Trust's claim that Count IV is time barred.

We note that, on the face of the Petition, it is not clear that Count V states a claim for an equitable accounting. The Petition is silent with respect to the nature of the accounts and the existence of a fiduciary relationship.

Having concluded that the Eckel Plaintiffs did not preserve a claim of error regarding the statute of limitations defense to Count V, we need not address their remaining arguments that the court erred in dismissing Count V.