

# In the
# Missouri Court of Appeals
## Western District

JASON HARTMAN, ET AL.,  )
                        )
        Appellants,  )  WD83039 Consolidated with
                        )  WD83139
v.                      )
                        )  OPINION FILED:  May 26, 2020
KEN LOGAN AND QUENTIN   )
KEARNEY,                )
                        )
        Respondents.  )

**Appeal from the Circuit Court of Jackson County, Missouri**
The Honorable S. Margene Burnett, Judge

Before Division One:  Lisa White Hardwick, Presiding Judge, Cynthia L. Martin, Judge
and Thomas N. Chapman, Judge

Jason Hartman ("Hartman") and Platinum Properties Investor Network, Inc.

("PPIN") (collectively "the Plaintiffs") appeal from the trial court's entry of two judgments

sustaining Ken Logan ("Logan") and Quentin Kearney's ("Kearney") (collectively "the

Named Defendants") motion to dismiss the Plaintiffs' amended petition.  The Plaintiffs

argue that the trial court erred in dismissing their amended petition because the Plaintiffs'

claims were not barred by the statute of limitations and because the trial court did not allow

the Plaintiffs time to engage in discovery to demonstrate that the amendment of the petition

related back because the Named Defendants were aware of the pending action. We vacate one of the two judgments entered by the trial court. Because the remaining judgment dismissed some claims that were not barred by the statute of limitations, we affirm in part, and reverse and remand in part.

### Factual and Procedural History

On April 25, 2017, the Plaintiffs filed a petition ("Original Petition") in the Circuit Court of Jackson County against John Doe and Does 1 through 100 (collectively "the Fictitious Defendants"). The Original Petition alleged that Hartman is the principal owner and officer of PPIN, and that the Plaintiffs are in the business of real estate investment, including buying and selling rental properties, referring similar opportunities to others, and conducting seminars on real estate investing throughout the country. The Original Petition alleged that the Fictitious Defendants are individuals who are responsible for, among other things, publishing allegedly defamatory statements about the Plaintiffs on the internet on or about April 28-29, 2015 and in advance of one of the Plaintiffs' seminars in Memphis, Tennessee on May 2-3, 2015. The Original Petition alleged six causes of action against the Fictitious Defendants: defamation, tortious interference with prospective economic advantage or business expectancy, negligence, *prima facie* tort, injurious falsehood, and a request for injunctive relief.

After filing notices to take the depositions of records custodians of internet providers (Comcast of Missouri, LLC and Comcast Business Communications, LLC), the Plaintiffs filed a first amended petition on October 18, 2017 ("Amended Petition"). The Amended Petition added Logan and Kearney as defendants, alleging that the Named

2

Defendants are also engaged in the real estate business and are the Plaintiffs' former business associates and current competitors. The Amended Petition alleged that, since 2010, the Named Defendants have been involved in litigation with Hartman regarding the management of property owned by Hartman. The Amended Petition alleged, upon information and belief, that when the allegedly defamatory statements were published online in 2015, the Named Defendants operated several businesses at an address in Blue Springs that had a Comcast account with an IP address of 66-208-221-253. The Amended Petition alleged that this IP address was associated with an email address that included the name, "Russel Harrington," which was the screen name used to make the alleged defamatory statements. The Named Defendants were each served with a copy of the Amended Petition on August 7, 2018.

Eight days later, on August 15, 2018, the Named Defendants filed a motion to dismiss the Amended Petition ("Motion to Dismiss"). The Motion to Dismiss asserted that the Amended Petition failed to state a claim against the Named Defendants. In particular, the Motion to Dismiss argued that the facts averred in the Amended Petition were not grounded in truth, and cited to attached deposition testimony given by Hartman in an *unrelated* suit in which he testified that he did not have "specific proof" that either Logan or Kearney personally posted the alleged defamatory statements about the Plaintiffs online. The Motion to Dismiss argued that, because Hartman acknowledged that he did not have "specific proof" that either of the Named Defendants personally posted the alleged defamatory statements online, the Amended Petition was in violation of Rule 55.03(c)(3)'s

3

requirement that all allegations or factual contentions have evidentiary support.[1]  The Motion to Dismiss further argued that, assuming *arguendo* that the Plaintiffs had evidentiary support for their claims against the Named Defendants, the applicable statute of limitations barred the Plaintiffs' claims against the Named Defendants.  The Motion to Dismiss argued that section 516.140[2] sets forth a two-year statute of limitations on claims of defamation and injurious falsehood so that, by the time the Amended Petition was filed on October 18, 2017, the claims against the Named Defendants were time barred.  The Motion to Dismiss further asserted that the Amended Petition did not relate back to the April 25, 2017 filing of the Original Petition because the Named Defendants did not have notice of the Original Petition.

The trial court held a case management conference on August 17, 2018.[3]  The trial court entered an order setting a second case management conference for September 14, 2018, and indicated that, if the Plaintiffs' counsel filed a motion to withdraw, the trial court would take up the motion at that time.[4]

The Plaintiffs' counsel filed a motion to withdraw on August 26, 2018, citing "a recently developed non-waivable conflict of interest."  The motion to withdraw also asked

---

[1]All rule references are to the Missouri Supreme Court Rules (2017), unless otherwise noted.

[2]All statutory references are to RSMo 2000 as supplemented through April 28-29, 2015, the date that the alleged defamatory posts were posted, unless otherwise indicated.

[3]The Named Defendants assert that, during the August 17, 2018 case management conference, they provided the trial court with a courtesy copy of the Motion to Dismiss, and that the trial court gave the Plaintiffs thirty days to respond to the Motion to Dismiss.

[4]The Plaintiffs' attorney expressed an intent to withdraw.  The Plaintiffs allege that their counsel's withdrawal was precipitated by the Named Defendants filing a suit against the Plaintiffs' former attorney for abuse of process related to his representation of the Plaintiffs in this case and in another case.  The Plaintiffs' assertion is irrelevant to the disposition of the issues on appeal.

the trial court to stay or extend any deadline to respond to the Motion to Dismiss to allow the Plaintiffs to retain new counsel.

At the September 14, 2018 case management conference, the trial court granted the motion to withdraw by Plaintiffs' counsel, and ordered that the Plaintiffs would have an additional ten days to respond to the Motion to Dismiss.

New counsel entered an appearance on the behalf of the Plaintiffs on September 18, 2018, and filed suggestions in opposition to the Motion to Dismiss ("Suggestions in Opposition") on September 24, 2018. The Suggestions in Opposition asserted that the Named Defendants had improperly attached an excerpt of Hartman's deposition to the Motion to Dismiss and requested the trial court to exclude consideration of matters outside the pleadings in accordance with Rule 55.27(a). The Suggestions in Opposition argued that as a result, the Named Defendants' assertion that the Amended Petition is without evidentiary support is meritless, as the Plaintiffs' claims are based on the identification of an IP address associated with a building that the Named Defendants own. The Suggestions in Opposition also asserted that the Motion to Dismiss was simply an attempt to prevent the Plaintiffs from uncovering during discovery other evidence in support of the alleged connection to the Named Defendants. The Suggestions in Opposition further argued that the two-year statute of limitations applied only to the defamation claim set forth in the Amended Petition, and that the statute of limitations for that claim had not yet expired when the Amended Petition was filed because determining when the statute of limitations begins to run is a factual inquiry not clearly established on the face of the Amended Petition. Finally, the Suggestions in Opposition argued that determining whether the

5

Amended Petition related back to the filing of the Original Petition would require additional discovery to determine whether the Named Defendants were aware of the Original Petition.

The Named Defendants filed their reply suggestions in support of the Motion to Dismiss ("Reply Suggestions") on October 5, 2018. The Reply Suggestions addressed whether it would be appropriate for the trial court to enter summary judgment in favor of the Named Defendants. The Reply Suggestions argued that the trial court gave the Plaintiffs notice that it intended to treat the Motion to Dismiss as a motion for summary judgment when, during the August 17, 2018 case management conference, it gave the Plaintiffs thirty days to respond to the Motion to Dismiss (the same amount of time allowed by Rule 74.04 to respond to a summary judgment motion) instead of the ten-day response time allowed for motions to dismiss pursuant to the local rules of the Circuit Court of Jackson County. The Reply Suggestions, relying on affidavits by Logan and Kearney, further asserted that neither Logan nor Kearney own the property in Blue Springs in question and that neither Logan nor Kearney have a Comcast account with the IP address identified in the Amended Petition. In turn, the Reply Suggestions argued that the Amended Petition's claims against the Named Defendants were without evidentiary support in violation of 55.03(c)(3) and necessitated either the dismissal of the Plaintiffs' claims against the Named Defendants or the entry of summary judgment in favor of the Named Defendants.

On February 11, 2019, the trial court entered an order granting the Motion to Dismiss. The order did not explain the basis for the trial court's ruling. On March 8, 2019,

6

the Plaintiffs filed a motion for an amended order and judgment, asking the trial court to certify its judgment for interlocutory appeal pursuant to Rule 74.01(b); requesting that the trial court clarify the grounds upon which it relied to grant the Motion to Dismiss; and requesting that the trial court order dismissal of the Plaintiffs' claims against the Fictitious Defendants. The trial court denied the motion. The Plaintiffs then voluntarily dismissed the pending claims against "all remaining Defendants [the Fictitious Defendants] pursuant to Rule 67.02(a)" on June 1, 2019.

On June 24, 2019, the Plaintiffs filed another motion to asking the trial court to denominate its February 11, 2019 order as a judgment. The trial court did so, entering an amended order and judgment ("Judgment") on July 24, 2019, that provided "the Order dismissing the case as against Ken Logan and Quentin Kearney shall be considered a Final Judgment within the meaning of Rule 74.01(a) as of the date of this Order."[5]

On August 28, 2019, the trial court entered a second order and judgment ("Amended Judgment") in which it ordered that "all claims of the Plaintiffs are hereby dismissed, ***with prejudice***, against all Defendants and therefore this Second Amended Order and Final Judgment shall be considered a Final Judgment within the meaning of Rule 74.01(a), as of the date of this Order." (Emphasis added.)

The Plaintiffs filed notices of appeal from the Judgment and from the Amended Judgment.

---

[5]Neither the February 11, 2019 order dismissing the Named Defendants, nor the July 24, 2019 Judgment denominating the earlier order as a judgment, specified whether the dismissal was with or without prejudice. "Any involuntary dismissal shall be without prejudice unless the court in its order for dismissal shall otherwise specify." Rule 67.03.

**The Trial Court Did Not Have Jurisdiction to Enter the Amended Judgment**

The Plaintiffs filed two notices of appeal because the trial court issued two judgments, the Judgment on July 24, 2019, and the Amended Judgment thirty-five days later, on August 28, 2019.

Rule 75.01 provides that the trial court retains control over judgments for thirty days and may amend or modify its judgment within that time. If no timely authorized after-trial motion is filed, the judgment becomes final thirty days after its entry. Rule 81.05. The trial court loses jurisdiction over a case when the judgment entered in the case becomes final. *State ex rel. AJKJ, Inc. v. Hellmann*, 574 S.W.3d 239, 242 (Mo. banc 2019).

When the trial court entered the Judgment on July 24, 2019, the trial court had already dismissed the Plaintiffs' claims against the Named Defendants (by virtue of the February 11, 2019 order) and the Plaintiffs had already voluntarily dismissed all of claims against the Fictitious Defendants (as of the dismissal filed on June 1, 2019). The Judgment entered by the trial court on July 24, 2019, complied with Rule 74.01(a), which requires "a writing signed by the judge and denominated 'judgment' or 'decree.'" The Judgment disposed of all claims against all parties. Neither the Plaintiffs nor the Named Defendants filed any motions after the entry of the Judgment. Because no authorized post-judgment motions were filed, the Judgment became final thirty days after its entry. At that point, the trial court lost jurisdiction over the case.

The trial court was thus without jurisdiction to enter the Amended Judgment on August 28, 2019. The Amended Judgment, which purported to convert the dismissal of the Plaintiffs' claims against the Named Defendants to a dismissal with prejudice, is of no

8

force or effect.  We nonetheless have jurisdiction to entertain the Plaintiffs' appeal from the Amended Judgment.  *Estate of Shaw*, 256 S.W.3d 72, 77 (Mo. banc 2008).  We find the Amended Judgment is of no force or effect.  Pursuant to our authority under Rule 84.14, the Amended Judgment is hereby vacated.  That leaves only the Plaintiffs' appeal from the Judgment to be determined.[6]

**Appeal from the Judgment's Dismissal of Claims Without Prejudice Is Proper**

Neither the February 11, 2019 order dismissing the Plaintiffs' claims against the Named Defendants, nor the Judgment denominating the order a judgment, indicated that the dismissal was with prejudice.  Pursuant to Rule 67.03, the trial court's involuntary dismissal of the Plaintiffs' claims against the Named Defendants is thus deemed to be without prejudice.

While "[t]he general rule is that dismissal without prejudice is not a final judgment and, therefore, is not appealable," "[a]n exception to this general rule applies . . . where the dismissal has the practical effect of terminating the litigation in the form cast by the plaintiff."  *Eckel v. Eckel*, 540 S.W.3d 476, 482 n.16 (Mo. App. W.D. 2018) (quoting *McGaw v. McGaw*, 468 S.W.3d 435, 439 n.5 (Mo. App. W.D. 2015)).  We have previously concluded that both a dismissal for failure to state a claim and a dismissal for expiration of the statute of limitations effectively bar the plaintiff from refiling the action.  *Id.* (citing *McGaw*, 468 S.W.3d at 439 n.5; *Basye v. Fayette R-III Dist. Bd. of Educ.*, 150 S.W.3d 111,

---

[6]We do not fault the Plaintiffs for filing separate notices of appeal for the Judgment and the Amended Judgment because doing so was consistent with our declaration of best practices in *Southside Ventures, LLC v. La Crosse Lumber Co.*, 574 S.W.3d 771, 782 (Mo. App. W.D. 2019) ("[B]est practices suggest that, any time a trial court enters an amended judgment, a party seeking to appeal should file a new notice of appeal from the amended judgment rather than relying on a notice of appeal filed pursuant to an original judgment.").

9

115 (Mo. App. W.D. 2004)). Both bases for dismissal asserted in the Motion to Dismiss fall within these exceptions. The Judgment was therefore final for purposes of appeal, notwithstanding that it dismissed the Plaintiffs' claims against the Named Defendants without prejudice.

### Analysis of the Plaintiffs' Points on Appeal

The Plaintiffs assert two points on appeal, both of which claim error in granting the Motion to Dismiss. The Plaintiffs' first point argues that the trial court erred in determining that the statute of limitations barred the Plaintiffs' claims against the Named Defendants. The Plaintiffs' second point argues that the trial court erred in dismissing the Plaintiffs' claims against the Named Defendants without permitting the Plaintiffs time to engage in discovery to determine whether the Named Defendants were aware of the Original Petition as to permit the filing of the Amended Petition to relate back to the filing of the Original Petition pursuant to Rule 55.33(c).[7]

---

[7]The Plaintiffs' first point on appeal states: "Whether the trial court erred in dismissing the claims against [the Named Defendants] based on statute of limitations grounds, an issue preserved for appeal and de novo review with the filing of appellant's suggestions in opposition to the [Named Defendants'] Motion to Dismiss." [Appellants' Brief, p. 5] This point relied on does not comply with Rule 84.04(d)(1) in that it does not state the legal reasons for the Plaintiffs' claim of reversible error and does not explain, in a summary fashion, why those legal reasons support a claim of reversible error. Further, the argument following the Plaintiffs' first point relied on asserts that none of the Plaintiffs' six claims against the Named Defendants were barred by the statute of limitations, rendering the point on appeal necessarily multifarious and therefore in contravention of Rule 84.04(d). *Griffitts v. Old Republic Ins. Co.*, 550 S.W.3d 474, 478 n.6 (Mo. banc 2018).

The Plaintiffs' second point on appeal and argument supporting the second point on appeal similarly suffer from Rule 84.04 deficiencies. The second point on appeal states: "Whether the trial court erred in dismissing any claims without allowing appellants the right to engage in discovery to find out whether [the Named Defendants] had received notice of and were aware of the lawsuit, an issue preserved for appeal and de novo review with the filing of appellant's suggestions in opposition to the [Named Defendants'] Motion to Dismiss." [Appellants' Brief, pp. 8-9] This point relied on, unlike the first, identifies that the trial court erred in failing to allow discovery before dismissing the Plaintiffs' claims against the Named Defendant, but it fails to explain why the failure to allow discovery was reversible error in violation of Rule 84.04(d)(1). The argument explains, however, that discovery was necessary to determine whether the Named Defendant had notice of the lawsuit so that the Amended Petition related back to the date the Original Petition was filed.

Failure to comply with the briefing rules justifies dismissal of the appeal. *KC Air Cargo Servs., Inc. v. City of Kansas City*, 581 S.W.3d 685, 690 n.2 (Mo. App. W.D. 2019). However, we prefer to dispose of an appeal on the

10

*Standard of Review*

We review the trial court's decision to grant a motion to dismiss *de novo*. *Tuttle v. Dobbs Tire & Auto Ctrs., Inc.*, 590 S.W.3d 307, 310 (Mo. banc 2019). Where, as here, the trial court did not specify the basis for its decision to grant the Motion to Dismiss, we presume the dismissal was on a basis set forth in the motion to dismiss, and we will affirm the dismissal if it can be supported on any basis set forth in the motion to dismiss. *Id.* Here, the Motion to Dismiss argued two bases for dismissal of the Amended Petition: (i) that the Amended Petition failed to state a claim against the Named Defendants; and (ii) that the two-year statute of limitations had expired.

"A motion to dismiss for failure to state a claim on which relief can be granted is solely a test of the adequacy of the petition." *Id.* (quoting *Cope v. Parson*, 570 S.W.3d 579, 583 (Mo. banc 2019)). "We review the petition 'to determine if the plaintiff has alleged facts that meet the elements of a recognized cause of action or of a cause that might be adopted in that case.'" *McDonald v. Chamber of Commerce of Independence*, 581 S.W.3d 110, 114 (Mo. App. W.D. 2019) (quoting *Avery Contracting, LLC v. Niehaus*, 492 S.W.3d 159, 162 (Mo. banc 2016)). For the purpose of determining whether dismissal is appropriate, we assume all of the petition's averments are true and liberally grant all reasonable inferences drawn therefrom. *Eckel*, 540 S.W.3d at 482. "With respect to the

---

merits if the argument on appeal is easily understandable. *Id.* Here, it is clear that the Plaintiffs are arguing on appeal that the trial court incorrectly dismissed the Amended Petition's claims against the Named Defendants because the claims were not barred by the statute of limitations in that only two of the claims were subject to the two-year statute of limitations and the Plaintiffs should have been afforded the opportunity to conduct to discovery to uncover evidence that would have demonstrated the amendments related back to the Original Petition. As such, we have elected to consider the merits of the Plaintiffs' points on appeal *ex gratia*.

timeliness of claims, '[i]f it clearly appears on the face of the petition that the cause of action is barred by the applicable statute of limitations, the motion to dismiss is properly sustained.'" *Id.* (quoting *Armistead v. A.L.W. Grp.*, 60 S.W.3d 25, 26 (Mo. App. E.D. 2001)).

***It is not fatal to the Plaintiffs' appeal that the points relied on fail to challenge whether the Amended Petition stated a claim***

The Named Defendants argue that because the Plaintiffs have not challenged whether the allegations set forth in the Amended Petition were sufficient to state a claim, we are required as a matter of law to affirm the Judgment and to dismiss this appeal, as that could have been the basis for the trial court's grant of the Motion to Dismiss. The Named Defendants are correct that an appellant's failure to challenge on appeal each ground that could support affirming a judgment is fatal to the appeal. *STRCUE, Inc. v. Potts*, 386 S.W.3d 214, 219 (Mo. App. W.D. 2012) (holding that failure to challenge each basis that could support affirming judgment appealed from is fatal to appeal).

This settled principle has no application here, however. The assertion in the Motion to Dismiss that the Amended Petition failed to state a claim against the Named Defendants was premised ***entirely*** on Hartman's deposition testimony in an unrelated matter. The Reply Suggestions filed by the Named Defendants also relied on material outside the four corners of the Amended Petition to support this basis for dismissal, namely affidavits from Logan and Kearney disputing factual allegations in the Amended Petition.[8] The Motion to

---

[8]The Reply Suggestions expand the Named Defendants' argument that the Amended Petition fails to state a claim against the Named Defendants for which relief could be granted beyond focusing on Hartman's deposition testimony. The Reply Suggestions also assert that paragraph 27 of the Amended Petition is insufficient to establish "each element of Plaintiffs' *prima facie* case for every claim in the Amended Petition" because "[e]ven if Plaintiffs

12

Dismiss did not assert that the factual allegations in the Amended Petition were insufficient to state a claim. Instead, the Motion to Dismiss challenged whether certain factual allegations in the Amended Petition were supported by evidence and/or should be believed. As noted, "'[a] motion to dismiss for failure to state a claim on which relief can be granted is solely a test of the adequacy of the petition.'" *Tuttle*, 590 S.W.3d at 310 (quoting *Cope*, 570 S.W.3d at 583).

Rule 55.27(a) provides that, "[i]f . . . matters outside the pleadings are presented to and not excluded by the court" in a motion to dismiss, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 74.04" so long as that "[a]ll parties [are] given reasonable opportunity to present all material made pertinent to such a motion by Rule 74.04." In *Naylor Senior Citizens Housing, LP v. Sides Construction Co.*, our Supreme Court clarified that, when considering a motion to dismiss, the trial court may only rely on materials outside the four corners of the petition if the trial court converts the motion to dismiss into a motion for summary judgment and provides notice that it is doing so. 423 S.W.3d 238, 241 n.1 (Mo. banc 2014). "If the trial court gives no such notice and the judgment expressly grants the motion to dismiss, this is an affirmative statement that the trial court did not convert the motion and, more importantly, that it did not consider matters outside the pleadings." *Id.* We "are bound by such statements and, as a result,

could tie an IP address to a physical location where the Defendants conduct a multitude of businesses, one cannot make the logical leap that it was these Defendants who made the alleged defamatory statements." The Named Defendants' brief argues the same, asserting that Missouri fact pleading requirements require more specific pleading than as is set forth in the Amended Petition, including paragraph 27. This particular argument was *not* set forth in the Motion to Dismiss. We are not permitted to affirm the grant of the Motion to Dismiss on a ground not stated therein. *Eckel*, 540 S.W.3d at 485 n.22; *cf. Unifund CCR Partners v. Kinnamon,* 384 S.W.3d 703, 711 (Mo. App. E.D. 2012) (finding an argument that was raised at oral argument on the motion to vacate a default judgment and in a post-argument reply was belated and could not justify the conclusion that the default judgment was void).

13

cannot consider extraneous submissions or review decisions the trial court did not make."

*Id.*

In this case, the Motion to Dismiss made assertions that could serve as a basis for dismissal under Rule 55.27(a) because they were limited to a review of the allegations in the Amended Petition (the statute of limitations argument), and assertions that could serve as a basis for granting summary judgment under Rule 74.04 because they relied on matters beyond the four corners of the Amended Petition (the failure to state a claim argument). However, the trial court is deemed to have granted *either* a Rule 55.27(a) motion to dismiss *or* a Rule 74.04 motion for summary judgment. *Underwood v. Kahala, LLC*, 554 S.W.3d 485, 494 (Mo. App. S.D. 2018). "The record for our review relates to one form of judgment or the other. There is no middle ground." *Id.*

Here, there is no indication in the Judgment that the trial court relied on matters outside of the pleadings to grant the Motion to Dismiss. The Judgment simply states that the February 11, 2019 order dismissing the Plaintiffs' claims against the Named Defendants "shall be considered a Final Judgment within the meaning of Rule 74.01(a)." The February 11, 2019 order granted the Motion to Dismiss without further explanation. There is also nothing in the record to support a finding that the trial court intended to convert the Motion to Dismiss to a motion for summary judgment or gave notice that it would be doing so. In fact, the Plaintiffs' Suggestions in Opposition to the Motion to Dismiss expressly highlighted that it was improper to consider the deposition transcript attached to the Motion to Dismiss, and advised the trial court that it should constrain itself to consideration of the allegations in the Amended Petition in reviewing the Motion to Dismiss. We conclude,

14

therefore, the trial court did not convert the Motion to Dismiss to a motion for summary judgment.

As such, the only basis for dismissal set forth in the Motion to Dismiss that could have been relied on by the trial court to dismiss the Amended Petition is the Named Defendants' claim regarding expiration of the two-year statute of limitations. The Plaintiffs' points on appeal address this basis for dismissal. The Plaintiffs were not required to address whether the Amended Petition stated a claim, as that basis for dismissal could not have served as a basis for the Judgment as a matter of law.

### *The two-year statute of limitations referred to in the Motion to Dismiss did not apply to all of the claims asserted in the Amended Petition*

The Plaintiffs' first point on appeal alleges that it was error to dismiss all of the claims in the Amended Petition based on the expiration of a two-year statute of limitations.

Expiration of the statute of limitations is an affirmative defense, and the burden of proof to establish the defense rests with the Named Defendants, not the Plaintiffs. Rule 55.08; *Eckel*, 540 S.W.3d at 486. "When an affirmative defense is asserted, such as a statute of limitation, the petition may not be dismissed unless it clearly establishes on its face and without exception that it is barred." *State ex rel. Halsey v. Phillips*, 576 S.W.3d 177, 180 (Mo. banc 2019) (quoting *Sheehan v. Sheehan*, 901 S.W.2d 57, 59 (Mo. banc 1995)). "Accordingly, only in the rare case in which the face of a petition demonstrates a claim is time-barred should a court sustain a motion to dismiss on the ground the statute of limitations has run." *Id.*

15

The Amended Petition sets forth six claims against the Named Defendants: defamation, tortious interference with prospective economic advantage or business expectancy, negligence, *prima facie* tort, injurious falsehood, and a request for injunctive relief. The Motion to Dismiss alleged that the two-year statute of limitations described in section 516.140 barred the Plaintiffs' claims for defamation and injurious falsehood.

As a matter of law, the Judgment should not have dismissed the Plaintiffs' claims for tortious interference with prospective economic advantage or business expectancy, negligence, *prima facie* tort, or injunctive relief because the Motion to Dismiss did not argue that the two-year statute of limitations set forth in section 516.140 applied to these claims.

Moreover, it is uncontested that the Plaintiffs' claims for tortious interference with prospective economic advantage or business expectancy, negligence, and *prima facie* tort are not subject to the two-year statute of limitations set forth in section 516.140, and are instead subject to the five-year statute of limitations set forth is section 516.120.[9] The Amended Petition, filed October 18, 2017, alleges that the internet postings in question were published on or about April 28-29, 2015 and in advance of one of the Plaintiffs' seminars in Memphis, Tennessee on May 2-3, 2015. The Plaintiffs' claims of tortious

---

[9]The Plaintiffs' request for injunctive relief in the Amended Petition is not a separate claim, per se, but is instead a request for a form of equitable relief assuming the basis for an asserted claim is established. In fact, as pleaded, the request for injunctive relief in the Amended Petition was sought in connection with the claims for defamation and tortious interference, and sought to "enjoin [the Named Defendants] from creating and publishing further false, defamatory and misleading statements about [the] Plaintiffs." The request for injunctive relief will be controlled by the statute of limitations applicable to the underlying claims for which that relief is sought. *See Hall-Bouldin v. Bouldin*, 497 S.W.3d 385, 390 (Mo. App. E.D. 2016) (applying the statute of limitations claim to a claim for equitable relief that was based on the underlying claim of fraud). Here, that will be two years insofar as the defamation claim, and five years insofar as the tortious interference claim.

16

interference with prospective economic advantage of business expectancy, negligence, and *prima facie* tort were unquestionably filed within five years of these dates.

The trial court's reliance on an inapplicable two-year statute of limitations to dismiss the Plaintiffs' claims against the Named Defendants for tortious interference with prospective economic advantage of business expectancy, negligence, and *prima facie* tort, and the associated request for equitable relief in the form of an injunction, was legally erroneous.

With respect to the claims for defamation and injurious falsehood as to which the two-year statute of limitations set forth in section 516.140 applies, the Amended Petition was filed on October 18, 2017, more than two years after the internet postings in question were allegedly published in late April 2015 and early May 2015. However, section 516.100 directs that a cause of action begins to accrue "when the damage resulting therefrom is sustained and is capable of ascertainment." As such, Missouri courts have long held that that "[t]he statute of limitations began to run . . . not when the defamatory statement was made, but when damages were ascertained." *Thurston v. Ballinger*, 884 S.W.2d 22, 26 (Mo. App. W.D. 1994).

The Plaintiffs assert that it was error to dismiss the defamation and injurious falsehood claims because additional evidence was necessary to determine when they became aware of each defamatory posting; when their damages were capable of ascertainment; whether additional types of damage flowed from the posting(s); and whether factors outside of their control prevented them from learning of the legal wrong. [Appellants' Brief, p. 7] The Plaintiffs' arguments overlook, however, that the Amended

17

Petition addresses these questions, and within its four corners provides support for the conclusion that the two-year statute of limitations applicable to the claims for defamation and injurious falsehood accrued and expired before the Amended Petition was filed.

The Amended Petition includes four exhibits. "An exhibit to a pleading is a part thereof for all purposes." Rule 55.12. Exhibit A is a copy of internet forum posts about the Plaintiffs to which Hartman responded and about which the Amended Petition complains. Hartman's responses were dated April 28, but the year is not indicated. Exhibit B is comprised of screenshots of Memphis Craigslist postings about Hartman. The screenshots indicate that they were taken on Sunday, May 3. In 2015, May 3 fell on a Sunday.[10] Exhibits C and D are screenshots of a Yelp review of the Plaintiffs and a forum posting about the Yelp posting. Those screenshots indicate that they were taken on Wednesday, April 29. April 29 fell on a Wednesday in 2015.

These exhibits establish that Hartman, the principal owner and officer of PPIN, was aware of the allegedly defamatory internet postings on April 28, 2015, April 29, 2015, and May 3, 2015. As such, the Amended Petition establishes that the causes of action for defamation and injurious falsehood accrued as of these dates because the Plaintiffs were aware of the defamatory statements and damages were capable of ascertainment. These dates fall more than two years before the Amended Petition was filed. It was not error, therefore, for the trial court to dismiss the claims for defamation and injurious falsehood in

---

[10]Courts may take judicial notice of calendars, including the day of the week on which a particular date fell. *Cornerstone Mortg., Inc. v. Ponzar*, 254 S.W.3d 221, 228 n.7 (Mo. App. E.D. 2008).

18

the Amended Petition on the basis of the two-year statute of limitations set forth in section 516.140.

Point One on appeal is granted in part and denied in part.

***The relation back doctrine does not apply to the Amended Petition's addition of the Named Defendants***

Plaintiffs' second point on appeal argues that even if some claims in the Amended Petition were time barred, they would not be barred if the Amended Petition is deemed to relate back to the date of filing of the Original Petition pursuant to Rule 55.33(c), and that as a result, it was error to dismiss the Plaintiffs' claims against the Named Defendants without allowing discovery to determine whether the Named Defendants were aware of the Original Petition.

Rule 55.33(c) provides:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment ***changing the party against whom a claim is asserted*** relates back if the foregoing provision is satisfied and within the period provided by law for commencing the action against the party and serving notice of the action, the party to be brought in by amendment: (1) has received such notice of the institution of the action as will not prejudice the party in maintaining the party's defense on the merits and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

(Emphasis added.) "Rule 55.33(c) is '[the] remedy for a mistake in *identity*, and the remedy is a *change* in party.'" *Kingsley v. McDonald*, 432 S.W.3d 266, 270 (Mo. App. W.D. 2014) (quoting *State ex rel. Hilker v. Sweeney*, 877 S.W.2d 624, 628 (Mo. banc 1994)). In other words, Rule 55.33(c) applies if the "plaintiff . . . made a mistake in selecting the proper

19

party to sue, i.e., the plaintiff must have brought an action against the wrong party." *Id.* (quoting *State ex rel. Holzum v. Schneider,* 342 S.W.3d 313, 316 (Mo. banc 2011)). Rule 55.33(c) does not apply, however, "where the plaintiff seeks to *add* an entirely new defendant to the case," as the "'[t]he law distinguishes between the substitution of parties'--where relation back may be available--'and the addition of parties,' where it is not." *Id.* at 272-73 (quoting *Johnson v. Delmar Gardens W., Inc.*, 335 S.W.3d 83, 88 (Mo. App. E.D. 2011)).

Here, the Original Petition named John Doe, individually, and Does 1 through 100 as defendants. The Amended Petition also named John Doe, individually and Does 1 through 100 as defendants. The Amended Petition did not add Logan or Kearney as defendants to the case caption, but merely added additional factual allegations in the pleading which specifically addressed Logan and Kearney. In all material respects, the allegations in the Amended Petition addressing the conduct of the "Doe" defendants remained unchanged from the Original Petition. The Amended Petition did not substitute Logan and Kearney for any of the previously named Fictitious Defendants, and instead *added* Logan and Kearney as additional defendants. As such, the Amended Petition added new party-defendants after the expiration of the statute of limitations, and the relation back doctrine set forth in Rule 55.33(c) is not applicable. *See, e.g.*, *Schultz by Schultz v. Romanace*, 906 S.W.2d 393, 396 (Mo. App. S.D. 1995) (holding that when plaintiff filed amended petition and named specific, new defendants, but did not substitute them for previously named "Doe" defendants, the amended petition added new parties, and was not eligible for relation back); *cf. State ex rel. Holzum*, 342 S.W.3d at 315-16 (where court

examined the specificity of the allegations in original petition naming "Doe" defendants to see if identify of person being referred to could be ascertained as to permit relation back, but only after noting that the amended petition expressly substituted the newly named defendants for previously named "Doe" defendants); *Maddux v. Gardner*, 192 S.W.2d 14, 17-18 (Mo. App. 1945) (holding that relation back applied where original petition named "Doe" defendants and identified them as the engineer and the fireman who were on an identified train that ran over the decedent because the later filed amended petition substituted the named engineer and fireman for the previously named "Doe" defendants).

Additional time to conduct discovery to determine whether the Named Defendants were aware of the Original Petition would not have aided the Plaintiffs in light of the fact the Amended Petition added new defendants and did not substitute those newly added defendants for previously named "Doe" defendants.

Point Two on appeal is denied.

**Conclusion**

The Plaintiffs' appeal from the Amended Judgment entered by the trial court on August 28, 2019, is unnecessary because the Amended Judgment was entered after the trial court lost jurisdiction over this case. The Amended Judgment is vacated pursuant to our authority under Rule 84.14. The trial court's Judgment entered on July 24, 2019, is affirmed in part and reversed and remanded in part. The Judgment is affirmed insofar as it granted the Motion to Dismiss the claims in the Amended Petition for defamation and injurious falsehood. The Judgment is reversed insofar as it granted the Motion to Dismiss the claims in the Amended Petition for interference with prospective economic advantage or business

21

expectancy, negligence, and *prima facie* tort, and any related request for injunctive relief. This matter is remanded to the trial court for further proceedings consistent with this Opinion.

_____
Cynthia L. Martin, Judge

All concur